LeSUEUR, Judge.
Defendants appeal from judgments in these consolidated cases in favor of a motor bike operator and his passenger (both minors) and their parents suing in their behalf and individually for personal injuries and expenses arising out of an accident with an automobile operated by Landry which occurred at about 10 a. m. on May 26, 1965. Landry appeals from the judgment in favor of the passenger on the basis that he was never served with process and was not a party to the action. Southeastern Fire Insurance Company (“Southeastern”) appeals from that judgment on its merits. Both defendants appeal from the judgment in favor of the motor bike operator. The passenger’s action against the motor bike operator and his insurer was dismissed by the trial court and that suit has not been appealed. The actior* of Southeastern as third-party plaintiff against the motor bike operator’s insurer was dismissed. Also dismissed was the reconventional demand of Southeastern against the parents of the passenger. The trial judge apparently overlooked the re-conventional demand against the parents of the motor bike operator, but this action must necessarily be dismissed in view of the judgment rendered in favor of the minor and his tutrix on the main demand and this court will consider that demand dismissed also.
Plaintiffs were injured as a result of an accident between a motor bike operated by McNutt, with Conino as a passenger, and an automobile owned and operated by Landry at a “T” intersection formed by Frisco Street intersecting Metairie Road, the favored roadway. Metairie Road runs in a generally east-west direction and McNutt was traveling in a westerly direction. Frisco Street intersects from the north, or from the plaintiffs’ right as they were traveling, approximately 40 feet to 50 feet west of an elevated railroad track that runs parallel to Frisco Street.
Plaintiffs testified that they crossed the railroad track in their proper lane and within the legal speed limit, noticed Landry stopped at the stop sign at Frisco Street and continued on because they had the right-of-way on a favored roadway. They claim that when they were approximately 10 feet to 15 feet from the intersection Landry started “edging out” into Metairie Road and when it became apparent that a collision was imminent, McNutt cut his wheel to the left and applied his brakes but they were struck on the right side by defendant’s left front bumper. They claim that the weather was clear and dry and that the traffic was not congested or stopped at Frisco Street.
*527 Defendant, and an eye witness testifying on his behalf, stated that traffic in both lanes of Metairie Road had stopped and that defendant was in the process of making a left turn onto Metairie Road toward New Orleans. Plaintiffs came over the railroad tracks in excess of the speed limit, passed the cars stopped on Metairie Road by proceeding down the center of the road and ran into defendant’s vehicle.
McNutt was knocked off of the motor hike against the curb of the east hound lane. Conino went across defendant’s hood and landed in the west bound lane of Me-tairie Road. The motor bike came to rest near the center of the intersection. The officers investigating the accident testified that they found debris attributable to the accident in the west bound lane a short distance from the approximate median line separating the lanes, no center line being marked.
The trial judge found the testimony of plaintiffs in direct conflict with that of the defendant and his witness, and was influenced by the physical evidence of the debris in the plaintiffs’ lane of traffic as reported by the investigating officers. He then concluded that the plaintiffs must be believed and that the accident occurred due to the negligence of defendant Landry in entering the favored street without making certain that the way was clear.
Defendants appeal the judgments of the lower court and assert error in its holding Landry’s negligence as the sole cause of the accident, McNutt free of negligence, not giving the testimony of defendant’s witness greater weight, and holding the point of impact to be in the middle of the west bound traffic lane.
Both plaintiffs urge the adoption of the trial court’s judgment placing the full liability for the accident on Landry. Conino is also satisfied with the quantum of his judgment but McNutt has answered the appeal seeking an increase in quantum.
This court does not find sufficient error in the judgment of the trial court to warrant any change in the determination of liability. While it is true that there were differences in the testimony of Conino and McNutt regarding the existence and location of accident debris and the amount of traffic on Metairie Road, they did not contradict each other on the important points of their testimony. Both boys agreed that they had crossed the railroad track within the legal speed limit, had proceeded in their proper lane within the legal speed limit, had noticed Landry stopped for the stop sign on Frisco Street at its interse'ction with Me-tairie Road and assumed that they could proceed safely, proceeded forward and subsequently became aware that Landry was “edging out” into the traffic lane and impact was certain. McNutt testified that he then applied his brakes and cut his wheel to the left but to no avail. Both boys testified that they were in their proper lane at all times and were struck within that lane.
Landry and his witness, who was stopped behind Landry on Frisco Street, both testified that vehicular traffic in both lanes of Metairie Road had stopped to allow Landry opportunity to turn onto Me-tairie Road toward New Orleans. As Landry was slowing moving forward and was on approximately a 45 degree angle, the motor bike crossed the railroad tracks at a speed in excess of 30 m. p. h., passed the cars stopped on Metairie Road, and ran into his automobile without any effort to avoid the collision. Landry claimed that his vehicle had crossed into the east bound lane by the time of impact and that that lane was the area of impact.
After reading the record and the trial judge’s reasons for judgment, this court concludes as stated before, that the facts and liability were properly determined by the trial judge. This court finds the testimony of plaintiffs generally more logical as evidencing the events of the accident. The testimony of defendant and his witness as to the speed of the motor bike being in excess of 30 m. p. h., even while crossing the elevated railroad tracks, *528 is questionable. Also defendant claims that 4 or 5 cars stopped in each direction on Metairie Road to allow him to enter, yet the distance between Frisco Street and the elevated railroad tracks that obscured his vision was 30 feet to 40 feet by his estimate and not more than 2 or 3 normal sized automobiles could stop within that distance. Defendant also claims that these cars were stopped at the time of the accident and must have seen the accident but he did not speak to any of these drivers or attempt to obtain them as witnesses.
Much mention is made in the record and on appeal as to the location and/or existence of any accident debris. The officers investigating the accident found this debris located completely within the west bound lane, although they estimated that it was only a few inches over the approximate center line. The trial judge held that this debris was in the center of the west bound lane; this finding was erroneous based on the facts but was not sufficiently erroneous in this court’s opinion to change the conclusion reached on liability.
Defendants also devote themselves to the issue of Conino’s offer to pay 25$ for the ride furnished by McNutt in an attempt to show that this was a business venture and a bar to Conino’s recovery. This court finds that the “offer” to pay 25$ for the ride was not a serious offer and that there was never an acceptance of it. Thus defendant’s claim of a business venture is without merit.
The question of quantum in Conino’s case, as mentioned previously, has not been raised and will not be considered by this court. McNutt’s answer to the appeal seeks an increase in the judgment rendered in his favor from $5,000.00, plus special damages, to $25,000.00 plus special damages.
As a result of the collision, McNutt suffered a comminuted fracture of the middle third of the tibia, a segmental fracture of the fibula, a proturberance on his head and a number of cuts and bruises. The leg was fractured in 3 places and required a Lottes Nail being inserted in the fibula. The leg was placed in a cast for a period of time, and McNutt spent additional time in a wheelchair and on crutches, thus incapacitating him for a considerable period. Approximately a year later, another operation was performed to remove the Lottes Nail, again incapacitating young McNutt for a period of time. In addition he has permanent scars as a result of the cuts and the incision to remove the nail.
This court finds no error in the trial judge’s award of quantum nor is there evidence of abuse of discretion. The award rendered by the trial judge corresponds with the judgments for similar injuries in the cases of Andrus v. Security Insurance Company of New Haven, 161 So.2d 113 (La.App.1964), writ refused; and Mentel v. Boston Insurance Co., 144 So.2d 446 (La.App. 4th Cir. 1962). Judgment of the trial court for $5,000.00 for McNutt’s injuries is, therefore, affirmed.
Landry’s appeal from the judgment rendered in favor of Conino against Southeastern and him, in solido, as we have said, rests on the basis that he had never been served with process and that this lack of service was a complete defense against Conino, even if urged first on appeal.
Landry was not unaware of the action brought against him nor was he denied representation by counsel because of his lack of service. On January 6, 1966, defendant received a subpoena to appear for a deposition proceeding in Conino’s action. On March 9, 1966, a motion to consolidate this suit with that filed by McNutt was filed on behalf of Landry and Southeastern. Landry had previously been served with process in the McNutt suit and had filed an answer in that case on November 22, 1965. Landry also testified as defendant at the time of trial.
*529 The Louisiana Supreme Court in Baton Rouge Bldg. Trades Council v. T. L. James & Co., 201 La. 749, 10 So.2d 606 (1942), rehearing denied, adopted the lower court’s holding that “A want of citation is cured by the appearance of defendant in the suit for any other purpose than to allege the want of citation”. In Doll v. Mallard, 95 So.2d 692, 693 (La.App.Orl.1957), rehearing denied, this court held: “It is well settled in our jurisprudence that when one who has not been properly served with citation or upon whom there was no service voluntarily makes his appearance in the case, he thereby waives any right to object to the insufficiency of citation or the lack of it.” (Citation omitted.)
This court recently decided a case having as one of its issues on appeal improper service of the motion for summary judgment. In Normand Company v. Abraham, 176 So.2d 178 (La.App. 4th Cir. 1965), the court held at pages 181-182:
Objection to the sufficiency of the service is one of the declinatory exceptions specifically enumerated in LSA-C.C.P. art. 925. That article concludes with the following:
“When a defendant makes an appearance, all objections which may be raised through the declinatory exception, except the court’s lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein.” * * * However, defendants appeared through counsel when the motion was called for hearing on December 11, without objection. No mention was made of the pending exception, either in the minutes or the judgment. It was not overruled, as defendants stated in their brief. If it was not acted upon because of oversight, it was the responsibility of defendants’ counsel to call it to the court’s attention. We do not think defendants’ counsel had any such thought or intent at the time, but to allow him now to take advantage of a situation created by his own silence, intentionally or otherwise, would not only be unjust but a dangerous precedent. It appears from the pertinent portion of the judgment above quoted that defendants abandoned and waived any rights they might have had under the exception. The judgment clearly indicates that the defendants appeared through their attorney and opposed the motion on its merits. If defendants’ counsel had any objection to hearing the motion on its merits on December 11, none is recorded. Had he called upon the court first to pass on the exception before submitting to a hearing on the merits of the motion, his rights thereunder would have been protected. His failure to do so was a waiver of his objection to the form of service. Had the judgment been one rejecting the motion for summary judgment, defendants’ counsel would not have been heard to complain that his clients had not been served properly. We will not hear his complaint now, after he took his chances on the merits and lost.
For the foregoing reasons this court finds that the lack of service of process on Landry in the Conino case was the basis for an exception under LSA-C. C.P. Article 925 and that this defense was waived at the time of trial by his general appearance. Landry’s appeal in the Conino case is therefore dismissed.
The judgment of the trial court in favor of plaintiffs is affirmed against Landry and Southeastern in solido and the appeals are denied, defendants-appellants- being responsible for all costs of appeal.
Affirmed.