294 So.2d 591 (1974)
Barbara Jean Gaspard COOK, wife of/and Donald Ray Cook
v.
DESHAUTREAUX & KLEIN PEDIATRIC CLINIC et al.
No. 6214.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
Rehearing Denied June 6, 1974.
Writ Refused July 1, 1974.
*592 LaBorde & Brooks, New Orleans, Phillip T. Hager, for plaintiffs-appellees.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for defendants-appellants.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
SAMUEL, Judge.
This is a suit for personal injuries sustained by the plaintiff wife when she slipped and fell at a pediatric clinic. Named defendants in the original petition were the Deshautreaux & Klein Pediatric Clinic, Dr. Earnest E. Deshautreaux, Dr. Martin H. Klein, The XYZ Insurance Company (owner of the building), and The ABC Corporation (defendants' insurer). The petition states the true identity of the latter two defendants was unknown to plaintiffs at the time of filing suit.
In due course the defendant Clinic and the two doctors filed an answer. Following those defendants' answers to interrogatories, which revealed the proper names of the building owner and its insurer, plaintiffs filed a supplemental and amended petition (without leave of court insofar as is shown by the record, and more than 10 days after the three original defendants had answered) naming Deskle Corporation as owner of the building (substituting Deskle for ABC Corporation as contained in the original petition) and Aetna Casualty & Surety Company as insurer (substituting Aetna for XYZ Insurance Company as contained in the original petition). Neither Deskle nor Aetna was cited or served with either petition.
After a trial on the merits, judgment was rendered in favor of plaintiffs and against Deskle and Aetna, in solido. A subsequent judgment dismissed the suit as to the Clinic and the two individual doctors. Following rendition of the judgment casting Deskle and Aetna, their attorney filed a motion for a new trial and, after a hearing thereon, judgment was rendered denying the motion.
Deskle and Aetna have appealed. Contending they cannot be cast in judgment because they were not cited or served, they pray that we set aside the judgment against them and remand the matter for further proceedings.
In this court counsel for plaintiffs argues: Following receipt of answers to interrogatories, he contacted the attorney for the Clinic and the two doctors to ascertain the name of the registered agent for service of process for Deskle, whereupon that attorney stated he represented both Deskle and Aetna and agreed to accept service by mail. As a result of the conversation he mailed a copy of the supplemental and amended petition to the other attorney. Later, in conference with the trial judge immediately prior to trial, the issue of lack of service and citation was discussed and the judge determined no prejudice would result by allowing the supplemental and amended petition to be filed. No objection thereto was made by defendants' counsel.
On the other hand, counsel for the defendants denies the occurrence of a conversation between himself and plaintiffs' attorney, states he did not receive a copy of the supplemental and amended petition by mail or otherwise, and further states he did not know of the claim against Deskle and Aetna until after the trial. While admitting a conference in the district court prior to trial, he says that conference was *593 for the purpose of discussing a settlement and the other matters purportedly discussed were in fact never mentioned.
Inasmuch as nothing regarding the matters contained in the two preceding paragraphs appears in the record, we cannot reach a conclusion as to them and we make no attempt to do so. However, we note the record does reveal the two original individual defendants, Drs. Deshautreaux and Klein, were the "owners" of Deskle according to their answers to interrogatories and that the attorney who represented them and the Clinic in the trial court also was the attorney for Deskle and Aetna in the trial court motion for a new trial and is the attorney for Deskle and Aetna in this appeal. We further note that in open court immediately following the conclusion of the trial on the merits, the trial judge orally gave lengthy reasons for judgment from the bench. In those reasons he stated there would be judgment against Deskle and Aetna, specified the amount of the judgment to be rendered and directed the attorney for plaintiffs to draw up such a judgment and present it to the court for signing. The record is devoid of any indication that defense counsel called the court's attention at that time, or indeed at any time, to the fact that neither Deskle nor Aetna had been cited or served.
The sole question presented for our consideration is whether or not the appellants, who were neither cited nor served, waived citation and service of process by making a general appearance. As provided by LSA-C.C.P. Art. 1201, without citation and service thereof all civil actions, except summary and executory proceedings, are absolutely null. However, under LSA-C. C.P. Art. 7,[1] a litigant may subject himself to the jurisdiction of the court and waive all objections thereto by making a general appearance. In pertinent part, that article reads:
"Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant." LSA-C.C.P. Art. 7.
We are of the opinion the appellants, Deskle and Aetna, did make a general appearance by filing their motion for a new trial. The motion was filed two days after the rendition and signing of the judgment casting them. Its sole allegations were: (1) that a new trial should be granted for the reason that the judgment was manifestly in error and contrary to the law and the weight of evidence; and (2) that the defendants had discovered evidence since the trial important to the cause which they could not with due diligence have obtained before or during the trial. It contained no mention of a lack of jurisdiction or an absence of citation or service.
Under the above quoted provisions of LSA-C.C.P. Art. 7, a defendant makes a general appearance, and waives the right to object to the insufficiency or lack of citation and service, when he affirmatively invokes the jurisdiction of the court for the purpose of seeking any relief other than those enumerated in the article.[2] Here, the appellants sought, not a trial, but a new trial solely on the grounds of newly discovered evidence and that the judgment was contrary to the law and the evidence. *594 In doing so they affirmatively invoked the jurisdiction of the court and thereby waived all objections thereto.
A case in point is Doll v. Mallard, La. App.,[3] involving an absence of service of notice required by a rule of court, in which we held that motion for a new trial urged on grounds additional to a complaint as to absence of service of the notice constituted an appearance waiving any right to object to insufficiency of citation, service or the lack thereof.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] See also LSA-C.C.P. Art. 925.
[2] See McMahon, 23 La.L.Rev. 378.
[3] 95 So.2d 682; see also, Baton Rouge Bldg. Trades Council v. T. L. James & Co., 201 La. 749, 10 So.2d 606; Conino v. Landry, La.App., 222 So.2d 525; Associate Discount Corporation v. Haviland, La.App., 218 So.2d 59; Keyes v. Dade, 8 La.App. 257.