HOOD, Judge.
Green Thumb, Inc., obtained a default judgment against defendant, DLJ of Louisiana # 1, for $9,044.00, with interest and attorney’s fees, and with recognition of a materialman’s lien on immovable property in Lafayette Parish. Defendant appealed.
Plaintiff answered the appeal praying for an increase in the amount allowed as attorney’s fees and for damages for frivolous appeal.
The issues presented are whether service of process was made on defendant, whether damages for frivolous appeal should be awarded, and whether the amount allowed as attorney’s fees should be increased.
The suit was filed on October 15, 1974. Citation was issued to “DLJ of Louisiana # 1, through its agent for service of process: Shushan, Meyer, Jackson, McPherson & Herzog, Suite 1500, 1010 Common Street, New Orleans, La.” The following returns or notations appear on the back of that citation:
“On the 17 day of Oct. 1974 served a CQpy of the within CITATION AND ACCOMPANYING PETITION On DLJ of La. #1 in person Mitchel Herzog.
Return same day
/s/ M. Nuss
Deputy Sheriff of Orleans Parish" “10-17-74 9:30
Thru Mitchel Herzog Atty. Personal
/s/ M. Nuss"
*285 A default judgment was rendered in favor of plaintiff and against defendant on November 18, 1974. The judgment recites that a preliminary default was entered on November 8, 1974.
Defendant perfected a suspensive appeal from that judgment, and the only argument it makes on this appeal is that the judgment is null because citation was never served on defendant. Counsel for defendant attaches to his brief, which was filed in this court on February 27, 1975, a photocopy of the front page of the citation, which contains no return showing service of it on defendant. He did not include a photocopy of the back side of the same citation, which shows that service of process was made.
Since the record shows that service of citation was made on the agent for service " of process, there is no merit to defendant’s argument that the judgment is null. The evidence supports the award which was made to plaintiff. The judgment rendered by the trial court thus is correct and must be affirmed.
The contract on which the suit is based provides that if defendant defaults in making the payments due thereunder, defendant agrees to pay “any additional sums due as attorney’s fees in collection of said sums.” The trial court awarded plaintiff 15 percent of the amount of principal and interest due as attorney’s fees. Plaintiff prays that the award of attorney’s fees be increased and that penalties be awarded for a frivolous appeal.
On March 7, 1975, plaintiff filed in this court a brief and a motion to dismiss defendant’s appeal. In the motion to dismiss the appeal, plaintiff alleges that on the reverse side of the citation there is a return signed by a Deputy Sheriff showing that service of the process was made on defendant. And, attached to plaintiff’s brief was a photocopy of both sides of the citation, showing the above quoted sheriff’s return on the back of that citation. The brief was accompanied by a certificate stating that a copy of the brief had been mailed to counsel for defendant. Defendant thus had notice at least three weeks before the case was argued on March 31, 1975, that there was a return on the reverse side of the citation showing that it had been served on defendant. Defendant apparently did not examine the record before the time the case came up for argument, and consequently counsel for both parties were present for that argument.
We denied plaintiff’s motion to dismiss the appeal. After the case was argued on March 31, 1975, we were informed by letters from counsel for both parties that on the day of that. argument, defendant filed an action in the district court seeking to annul the judgment appealed from. We assume that that information is correct. The record in this court, however, contains no pleadings or evidence of any kind tending to show either that service of the citation was not made or that the return of the sheriff was invalid or incorrect. The record, on the contrary, indicates that service was made.
We must decide this case according to the pleadings and the facts which are in the record. The record, of course, shows that service of citation was made and that the judgment of the trial court is correct. We, of course, are concerned about the assertions made in letters which have been addressed to us, but which do not form a part of this record. We, however, cannot base our decision on these letters.
The record shows that there was no reasonable basis for the appeal, and that defendant could have ascertained that fact by merely examining the record. Defendant was notified long before the date scheduled for arguments of the fact that a return showing service of the citation was in the record, and yet it filed no pleadings in this court seeking to dismiss the appeal or to obtain relief based on other grounds. We find that the appeal was taken primarily for the purpose of delay, and that plaintiff is entitled to recover damages for *286 frivolous appeal. We believe that an award of $500.00 as such damages would be fair and adequate. We reject plaintiff’s demands that the amount allowed as attorney’s fees be increased.
For the reasons assigned, the judgment appealed from is amended to decree that defendant, DLJ of Louisiana # 1, is hereby condemned to pay plaintiff, Green Thumb, Inc., the sum of $500.00 for frivolous appeal, in addition to the other amounts awarded to plaintiff. In all other respects the judgment of the district court is affirmed. The costs of this appeal are assessed to defendant-appellant.
Amended and affirmed.