334 So.2d 801 (1976)
DLJ OF LOUISIANA #1, Plaintiff-Appellant,
v.
GREEN THUMB, INC., Defendant-Appellee.
No. 5535.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
Shushan, Meyer, Jackson, McPherson & Herzog by Robert P. Chatelain, New Orleans, for plaintiff-appellant.
*802 DeBaillon & Miller by Charles DeBaillon, Jr., for appellant.
Voorhies & Labbe by John Hutchison, Lafayette, for defendant-appellee.
Before HOOD, WATSON and PETERS, JJ.
HOOD, Judge.
Plaintiff, DLJ of Louisiana #1, instituted this suit against Green Thumb, Inc., to have a judgment which previously had been rendered in favor of Green Thumb and against plaintiff decreed to be a nullity. Defendant Green Thumb filed exceptions of no cause of action and no right of action. Judgment was rendered by the trial court in favor of defendant sustaining the exception of no cause of action and dismissing the suit. Plaintiff DLJ appealed.
The principal question presented is one of law, and that is whether a defendant who moves for and perfects a suspensive appeal from a default judgment rendered against him thereby makes a general appearance in the case and subjects himself to the jurisdiction of the court.
Plaintiff alleges, in substance, that a suit was filed by Green Thumb against DLJ in the Fifteenth Judicial District Court, for Lafayette Parish, and that a default judgment was rendered in that suit on November 18, 1974, in favor of Green Thumb and against DLJ, for the principal sum of $9,044.00.
It avers that the return of the Sheriff of Orleans Parish on the citation which was issued in that suit shows that service of citation was made by personal service on DLJ, through its agent, Mitchell W. Herzog, in New Orleans, on October 17, 1974; that Herzog actually was not in New Orleans on that date; that personal service was never made on him; that DLJ at no time received actual notice of the pendency of that action; and that despite the lack of service of process a default judgment nevertheless was rendered against DLJ.
DLJ alleges that after that judgment was rendered it was "forced to file a suspensive appeal with bond in the Third Circuit Court of Appeal of the State of Louisiana." In the written motion for appeal filed by DLJ, the mover did not allege any particular grounds for that motion, and it did not limit the appeal to any specific issue.
Our records show, and we thus take judicial notice of the fact, that the above appeal was timely perfected as a suspensive appeal and was lodged in this court. We rendered judgment on April 21, 1975, amending the trial court judgment to award Green Thumb damages on the ground that the appeal was frivolous, and affirming that judgment in all other respects. A rehearing was denied on June 18, and writs were refused by the Supreme Court on September 12, 1975. See Green Thumb, Inc. v. DLJ of Louisiana #1, 313 So.2d 284 (La.App. 3 Cir. 1975).
The instant action seeking to annul the above judgment was filed on July 2, 1975. Plaintiff DLJ alleges and contends here that Green Thumb obtained the above default judgment by "using fraudulent means of citation," that personal service of citation was never made on the agent of DLJ, and that the trial court thus was without jurisdiction ratione personae to render judgment against DLJ. It argues that it is entitled to judgment in the instant suit annulling the default decree which was rendered in the earlier action.
Defendant Green Thumb filed exceptions of no cause of action and no right of action, alleging that "plaintiff (DLJ) made a general appearance in the Fifteenth Judicial District Court . . . and, therefore, this appearance waived the defects complained of in its petition." *803 Both parties rely on Article 7 of the Louisiana Code of Civil Procedure, the pertinent parts of which provide:
"Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:

* * * * * *
"(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant."
DLJ contends that by filing the above motion for an appeal it merely sought to have the action dismissed on the ground that the court had no jurisdiction over it. It argues that the taking of an appeal in that case comes within the exception listed in Paragraph (5) of the above article, and that the filing of such a motion did not constitute a general appearance in the suit.
Green Thumb concedes that the motion for appeal filed by DLJ "could possibly" have fallen within exception number (5) of LSA-C.C.P. art. 7, if the mover had expressly set forth in that motion the deficiency of citation. It argues, however, that since the motion for appeal "was completely devoid of any grounds or reasons," the filing of such a motion constituted a general appearance in the case.
When the original suit was before us on appeal, the only argument made by the appellant in this court was that the judgment was null because citation had never been served on it. We noted that fact in the judgment which we rendered in that case (See 313 So.2d 284, 285). On that appeal, therefore, DLJ did not seek any relief other than the dismissal of the action on the ground that the court had no jurisdiction over it.
We also observed in the judgment which we rendered that the record contained no pleadings or evidence of any kind tending to show that service of citation was not made or that the return of the sheriff was invalid or incorrect. The grounds alleged for nullity here thus did not appear in the record of appeal in the earlier suit, and on that appeal we did not consider either of the grounds urged here for annulling the original judgment. (313 So.2d 284, 285). DLJ thus is not barred by LSA-C.C.P. art. 2005 from maintaining this action for nullity.
To support the position it takes here, Green Thumb refers us to Cook v. Deshautreaux & Klein Pediatric Clinic, 294 So.2d 591 (La.App. 4 Cir. 1974), and Mountz v. Dyer et al., 158 La. 383, 104 So. 123 (1925). We have decided that neither of those cases is applicable here.
In Cook, judgment was rendered against two defendants who had not been cited or served. The defendants filed a motion for a new trial alleging, as one ground therefor, that they had discovered new important evidence since the trial. The motion contained no mention of a lack of jurisdiction or an absence of citation or service. The Fourth Circuit Court of Appeal held, correctly we think, that in filing that motion for a new trial the defendants sought relief other than dismissal for lack of jurisdiction, and that they thus made a general appearance in the case.
The Mountz case involved a proceeding by executory process. After the sale, the defendant moved for a devolutive appeal without specifying any grounds for that appeal. In the appellate court he contended that the sale was null because the proceedings had been conducted contradictorily with a curator ad hoc who had been appointed erroneously and illegally, and that the defendant was not properly served with the three days notice required for executory process. The Supreme Court held that the defendant's motion for appeal "was leveled, in general terms, against the executory proceedings, judgment and sale," and that by filing that motion the defendant made a general appearance in the case.
*804 We distinguish Mountz from the instant suit for two reasons. First, the appeal taken in the present suit, which defendant argues constituted a general appearance by DLJ, occurred after a judgment had been rendered in a suit by ordinary process, whereas Mountz involved a proceeding by executory process, where no judgment was rendered, where no citation was required, and where the three day notice may be given by substituted service of process. And, second, the appellant in Mountz, in addition to alleging a defect in service of the three day notice, also sought to have the sale set aside because of alleged irregularities in the proceedings which led up to that sale.
We believe that a defendant who moves for an appeal from a default judgment rendered against him, without specifying the grounds he intends to urge on appeal, does not by that motion make a general appearance in the case, provided that the only relief he seeks on appeal is the dismissal of the suit on the ground that the court has no jurisdiction over him. If he seeks any other type of relief while the case is on appeal, however, then we think his actions in seeking that relief will constitute a general appearance and an implied waiver of all objections he may have to the jurisdiction of the court.
We have already noted that after DLJ was granted an appeal in the earlier suit, the only relief it sought on that appeal was the dismissal of the suit on the ground that the court had no jurisdiction over it. We conclude that under those circumstances DLJ did not make a general appearance in that case, and that it has not waived its objections to the jurisdiction of the trial court. The trial court erred, therefore, in sustaining the exception of no cause of action and in dismissing this suit.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered overruling the exception of no cause of action filed by defendant, and remanding the case to the trial court for proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee, Green Thumb, Inc.
REVERSED and REMANDED.