WATSON, Judge.
This is the appeal of a trial court judgment sustaining an exception of res judica-ta in a suit for nullity of judgment.
The original plaintiff was Green Thumb, Inc., a corporation which is named defendant in the petition for nullity of judgment. The original defendant was DLJ of Louisiana # 1, a partnership in commendam, which is the plaintiff in the petition for nullity of judgment.
To put the present proceedings in perspective, it is necessary to recount the history of the litigation, which has been before this court on two prior occasions. See Green Thumb, Inc. v. DLJ of Louisiana # 1, 313 So.2d 284 (La.App. 3 Cir. 1975) writ denied 318 So.2d 49 (La.) and DLJ of *464 Louisiana # 1 v. Green Thumb, Inc., 334 So.2d 801 (La.App. 3 Cir. 1976).
A petition was filed by Green Thumb, Inc. on October 15, 1974, entitled “Suit to Enforce Materialman’s Lien” claiming the sum of $9,044 with interest, attorney’s fees and costs, against DLJ of Louisiana # 1, described as a partnership in commendam. On the third page of the petition appears the following inscription: “Please serve DLJ of Louisiana # 1 through its agent for the service of process: Shushan, Meyer, Jackson, McPherson & Herzog, Suite 1500, 1010 Common Street, New Orleans, Louisiana, 70112.” (TR. 5).
A citation was issued following the wording of the service request and a return was made indicating that personal service had been made on Mitchell Herzog on October 17, 1974, the return being signed by one M. Nuss, Deputy Sheriff of Orleans Parish.
A default was confirmed against DLJ on November 18, 1974, and a judgment was signed in favor of Green Thumb, awarding the amount demanded and recognizing a materialman’s lien against certain property.
DLJ then appealed to this court, urging only that there was no service. Since the record reflected that Mr. Herzog had been served by Deputy Nuss, this court rejected DLJ’s appeal, affirmed the default judgment and awarded damages for frivolous appeal.
DLJ then filed a petition in the trial court contending that the judgment of November 18, 1974, was null and void, because Mr. Herzog was not in New Orleans on the alleged date of service and could not have been served as indicated on the return. This petition also claimed that DLJ was entitled to damages for premature execution of the judgment.
An exception of no cause or right of action was filed by Green Thumb to the petition for nullity, which was sustained by the trial court.
A second appeal to this court ensued, the issue being whether the appeal by DLJ constituted a general appearance which waived any invalidity of service.
This court held that under LSA-C.C.P. art. 7, DLJ was entitled to appear to urge that the court had no jurisdiction because of the invalid service. The trial court’s ruling maintaining the exception was reversed and the case was remanded for trial.
A supplemental petition was filed by DLJ on September 16, 1976, alleging that Green Thumb used “fraudulent” means of citation. The supplemental petition, which was signed and verified by counsel of record, added:
“On October 20, 1975, DLJ of Louisiana # 1 was required to pay Green Thumb, Inc. the sum of $12,036.00 in satisfaction of this judgment and is entitled to the return of this $12,036.00 as a result of the nullity of the judgment.” (TR. 34).
The supplemental petition further alleged that defense of the suit had caused DLJ expenses totaling $4,901.94 and that DLJ was also entitled to recover that sum from Green Thumb.
Green Thumb answered DLJ’s petitions, denying most of the allegations on information and belief.
DLJ then filed a motion for summary judgment attaching various affidavits and other documents, but the motion for summary judgment was referred to the merits, and in effect, denied by the trial court.
On May 2, 1977, a second supplemental and amending petition was filed by DLJ alleging that the original petition filed by Green Thumb states that DLJ is a partnership in commendam; that LSA-C.C.P. art. 1263 requires service of citation on a partnership be made by personal service on a partner; and that Mr. Herzog is not and has never been a partner of DLJ.
An exception of prescription was filed by Green Thumb, as well as an answer denying the allegations, exceptions of no cause or no right of action, res judicata and judicial estoppel.
The matter was then tried on the merits. Following this hearing, the trial court sustained the exception of res judica-ta and dismissed DLJ’s petition for nullity. The trial court erred in sustaining the ex *465 ception of res judicata; it is axiomatic that a judgment cannot be res judicata to a suit to annul it. Grant v. Securities Finance Company, 173 So.2d 356 (La.App. 1 Cir. 1965).
However, we find that the disposition was correct for other reasons.
As noted above, DLJ judicially asserted in the supplemental petition that the judgment in question was paid October 20, 1975.
LSA-C.C.P. art. 2003 provides as follows: “A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.”
The present record does not reflect whether payment by DLJ was voluntary or not. If voluntary, then DLJ acquiesced in the judgment and the action of nullity is barred.
If not voluntary, then the alternative provision of Article 2003 comes into play. The record contains an exhibit, D-5, which is an affidavit of change of domicile of DLJ. On April 17, 1975, the affidavit was executed (and also filed for record in Lafayette Parish) to effect a change of DLJ’s address and domicile from New Orleans to “100 Belle-fontaine, Lafayette, Louisiana.” (TR. 129). Therefore, DLJ must be considered to have been present in Lafayette Parish when the judgment was executed.
Under the circumstances, DLJ acquiesced in the judgment and the suit for nullity fails.
Therefore, the judgment of the trial court, insofar as it dismisses the petition for nullity, is affirmed.
All costs on appeal are taxed against DLJ of Louisiana # 1.
AFFIRMED.