376 So.2d 121 (1979)
DLJ OF LOUISIANA # 1
v.
GREEN THUMB, INC.
No. 64462.
Supreme Court of Louisiana.
October 8, 1979.
Robert P. Chatelain, Shushan, Meyer, Jackson, McPherson & Herzog, New Orleans, for plaintiff-applicant.
L. H. Olivier, Lafayette, for defendant-respondent.
MARCUS, Justice.
On November 18, 1974, Green Thumb, Inc. (Green Thumb) confirmed a judgment of default against DLJ of Louisiana # 1 (DLJ), a partnership in commendam operating an apartment complex. DLJ suspensively appealed.[1] The court of appeal affirmed on April 21, 1975.[2] On July 2, 1975, DLJ instituted this action against Green Thumb to have the final default judgment declared a nullity, alleging that service of process had not been made as required by law.[3] While this suit was in progress, Green Thumb attempted to execute said judgment by having DLJ's apartment complex seized and sold. To prevent the sale of its property, DLJ paid the judgment on *122 October 20, 1975.[4] DLJ later amended its petition to reflect the fact that it had paid the judgment and to demand reimbursement. Subsequently, on the day of trial, March 7, 1978, Green Thumb filed an exception of res judicata alleging that the appeal of the default judgment finally determined the issue of whether service of process had been properly made.[5] The trial court referred the exception to the merits and, after trial, sustained the exception and dismissed DLJ's suit. DLJ appealed. The court of appeal correctly found that the trial court erred in sustaining the exception of res judicata finding it axiomatic that a judgment cannot be res judicata to a suit to annul it.[6] However, it affirmed the dismissal of DLJ's suit for nullity on the basis of La.Code Civ.P. art. 2003, which provides that a defendant who voluntarily acquiesces in a judgment or who fails to enjoin its enforcement may not annul the judgment on any of the grounds enumerated in art. 2002.[7] On application of DLJ, we granted certiorari to review the correctness of this decision.[8]
The sole issue presented for our resolution is whether DLJ acted in such a manner that La.Code Civ.P. art. 2003 bars it from suing to annul the judgment.[9]
La.Code Civ.P. art. 2003 provides:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
First, we will consider the applicability of the first clause of art. 2003, i. e., whether DLJ voluntarily acquiesced in the judgment.
In Ray v. South Central Bell Telephone Co., 315 So.2d 759 (La.1975), this court was faced with a situation in which the plaintiff in the nullity action when threatened with the sale of his property had agreed to pay and had paid installments on default judgment both before and during the action for nullity. We determined that a finding that the plaintiff voluntarily acquiesced in the judgment was unwarranted. We stated: "The record reflects that, by paying installments, plaintiff `bought time' from the defendant *123 to prevent the seizure of the personal property until he could return to Louisiana and attack the judgment."
From the record of the instant suit, it is clear that DLJ did not voluntarily pay Green Thumb. As in Ray, DLJ "bought time" by its payment. Moreover, DLJ did more than did Ray. DLJ took a suspensive appeal and instituted this nullity action before making payment. Payment was not made until the sale of the apartment complex was imminent. Not to have paid at this point would have subjected DLJ's business to the jeopardy of the auction block. Therefore, we hold that the first clause of art. 2003 is inapplicable to this case.[10]
Next, we will consider the applicability of the second clause of art. 2003, i. e., whether DLJ was present in the parish at the time of execution of the judgment and failed to enjoin its enforcement. DLJ prevented the enforcement of the judgment by payment thereof. Hence, the bar created by the second clause of art. 2003 has no application here.
In sum, we do not find that DLJ acted in such a manner that La.Code Civ.P. art. 2003 bars it from suing to annul the judgment. Hence, the court of appeal erred in holding to the contrary.
As previously noted, DLJ sought nullification of the default judgment because of the alleged failure of Green Thumb to execute service of process properly. DLJ also prayed for return of the money it has paid to Green Thumb, damages, and attorney fees. Since the court of appeal did not reach these issues due to its finding that DLJ was barred from maintaining this suit, we consider it appropriate to remand the case to that court for it to determine and to decide these issues.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the court of appeal for further proceedings consistent with the views herein expressed.
DENNIS, J., concurs and assigns reasons.
DENNIS, Justice, concurring.
I respectfully concur.
I agree with the result under the peculiar facts of this case, since it appears that Green Thumb consented to the reservation of rights by DLJ. I cannot join in the majority opinion, however, because it appears that Louisiana law, absent exceptional circumstances, does not permit a party to recover his voluntary payments merely because he paid under protest. In New Orleans & N.E.R. Co. v. Louisiana Const. & Imp. Co., 109 La. 13, 33 So. 51 (1902), this Court held that a party who pays under protest does not make his payment any less voluntary, when the facts demonstrate no duress or mistake of fact. It was not enough that the plaintiff sought to avoid the threat of legal process against his property, since he had adequate legal remedies such as injunctive relief. The purpose of the rule is to expedite litigation where litigation is imminent, for a party cannot be permitted to "`postpone the litigation by paying the demand in silence and afterwards suing to recover [the money] back'." New Orleans & N.E.R. Co., supra, p. 56. See also, Hicks v. Levett, 19 La.App. 836, 140 So. 276 (1932).
Under the Code of Civil Procedure, article 2003, a party may not annul a judgment in which he has acquiesced. Voluntary payment, as outlined above, is an acquiescence within the terms of article 2003. See Gennuso v. State, 339 So.2d 335 (La.1979). However, the court will consider peculiar facts and equity in cases where the party making the payment did so under circumstances showing that the plaintiff reasonably considered his payment involuntary. See Ray v. South Central Bell Telephone *124 Company, 315 So.2d 759 (La.1975), where the judgment debtor paid the installments in order to buy time until he could "return to Louisiana and attack the judgment." Ray, supra, p. 762. I think that DLJ did not acquiesce under these peculiar circumstances, since the record suggests that the parties both understood the payment was made in order to remove the liens against the property and to avoid injunction procedure. See footnote 4 of the majority opinion.
NOTES
[1] Green Thumb had improperly attempted to execute on the judgment by seizing rents before the delay for a suspensive appeal had elapsed. La.Code Civ.P. art. 2252.
[2] 313 So.2d 284 (La.App. 3d Cir. 1975), writ denied, 318 So.2d 49 (La.1975). Green Thumb's earlier motion to dismiss the appeal had been denied. 309 So.2d 726 (La.App. 3d Cir. 1975).
[3] See La.Code Civ.P. art. 2002(2).
[4] When DLJ paid the judgment, Green Thumb's attorney sent a letter to the clerk of court (dated October 22, 1975) authorizing the cancellation of all liens affecting DLJ's property; the letter states that DLJ had paid under protest and with reservation of all of its rights. See Staehle v. Leopold, 107 La. 399, 31 So. 882 (1902). This letter was not introduced in evidence; hence, it cannot be considered by this court.
[5] Green Thumb had previously filed an exception of no cause of action. The trial court sustained the exception and dismissed the suit. The court of appeal reversed and remanded on July 6, 1976. 334 So.2d 801 (La.App. 3d Cir. 1976). An exception of prematurity, vagueness and improper cumulation was denied on November 9, 1976; an exception of prescription as to the allegations in DLJ's second supplemental petition was likewise denied on July 25, 1977.

DLJ, on April 6, 1977, filed a motion for summary judgment. On April 26, 1977, the trial court referred the motion to the merits, effectively denying it.
[6] Lirette v. Lirette, 176 La. 368, 145 So. 773 (1933); Factors & Traders' Ins. Co. v. New Harbor Protection Co., 37 La.Ann. 233 (1885).
[7] 368 So.2d 463 (La.App. 3d Cir. 1979).
[8] 370 So.2d 576 (La.1979).
[9] DLJ in its application for writs also asserts that the defenses to a nullity action provided by art. 2003 are affirmative defenses, see generally Webster v. Rushing, 316 So.2d 111 (La.1975); Michel v. Efferson, 223 La. 136, 65 So.2d 115 (1953), and hence were improperly supplied by the court of appeal on its own motion. Generally, affirmative defenses must be raised in the answer of the defendant, see La.Code Civ.P. art. 1005, and cannot be raised by the court sua sponte. Where, however, an affirmative defense has not been pleaded by the defendant but the plaintiff nevertheless fails to object to the introduction of evidence that bears on the affirmative defense and that is not pertinent to any issues raised in the pleadings, the pleadings have been considered to have been enlarged to include the affirmative defense, and the court can act as though the affirmative defense has been pleaded. See Austrum v. Baton Rouge, 282 So.2d 434 (La.1973). We pretermit resolution of this contention raised by DLJ in view of our finding that the defenses provided by art. 2003 are not sustained by the evidence.
[10] This case differs from Gennuso v. State, 339 So.2d 335 (La.1976), wherein we held that the evidence adduced at trial clearly supported the conclusion that payment was made and no action was taken to enjoin the enforcement of the judgment not because of the jeopardy to plaintiff's bail bond business, but rather because property had been posted as security, which plaintiff considered sufficient indemnification in the event of forfeiture.