393 So.2d 337 (1980)
June Azar CRUMP
v.
James C. CRUMP.
No. 13572.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
*338 William D. Grimley, Baton Rouge, for plaintiff-appellant June Azar Crump.
Billy O. Wilson, Baton Rouge, for defendant-appellee James C. Crump.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action for defamation brought by a former wife, Mrs. June Azar Crump, against her former husband, Dr. James L. Crump. The trial court found that there had been no defamation. We affirm.
In an alimony hearing between those parties held in Division "B", Family Court, East Baton Rouge Parish, Mrs. Crump gave certain testimony with regard to the source of the funds for the purchase of a Cadillac automobile which Mrs. Crump had ordered. Some time after the hearing, Dr. Crump went to the office of Walter Monsour, Executive Assistant District Attorney for the Parish of East Baton Rouge, and told him in the presence of Dr. Crump's present wife and his lawyer that the statements made by his former wife, Mrs. June Azar Crump, in the alimony hearing with regard to her acquisition of the automobile were substantially inconsistent with certain statements made by her and her mother, Mrs. Marie Azar, in depositions taken by stipulation of counsel subsequent to the alimony hearing. The testimony, we hold, is in conflict. Dr. Crump may have gone a step further and indicated there was a possibility perjury had been committed. In any event, Mrs. June Azar Crump received a letter signed by Walter Monsour and Bob H. Hester, Assistant District Attorney, indicating allegations of perjury had been made against her, and asking Mrs. Crump to go to the District Attorney's office to discuss the matter. Mrs. Crump saw Mr. Hester in the presence of her attorney, offered an explanation of her testimony, and no action was taken by the District Attorney's office. The present action for defamation was later brought.
Five elements are necessary to maintain an action for defamation, (1) defamatory words, (2) publication, that is, communication to someone other than the party defamed, (3) falsity, (4) malice, actual or implied, and (5) resulting injury. See Trahan v. Ritterman, 368 So.2d 181 (La. App. 1st Cir. 1979), and the cases cited therein. If the alleged defamatory remark is accusation of the commission of a crime, *339 the remark is defamatory per se, and falsity and malice need not be proved. See Trahan, supra.
We find that it is unnecessary to determine whether or not the remark made by Dr. Crump in the present case was defamatory per se, as we find the truth of the remark to have been established by plaintiff's own evidence presented before the trial court in the form of the testimony of Messrs. Monsour and Hester, the deposition mentioned above of Mrs. June Azar Crump and Mrs. Marie Azar, and the record of the proceeding in Division "B" of the Family Court, all of which were introduced by plaintiff.
Basically, Dr. Crump told Monsour that statements made by Mrs. June Azar Crump in Family Court were inconsistent with the statements made by Mrs. June Azar Crump and Mrs. Marie Azar in depositions. We have reviewed the record of the Family Court for East Baton Rouge and the two depositions thoroughly, and we agree with Dr. Crump; the statements were inconsistent. Mrs. Crump testified that she received money to buy a Cadillac from a Vince Piazza, who was a family friend who was visiting her mother, and felt that Mrs. Crump's car was unsafe. Mrs. Marie Azar testified in a deposition taken on August 31, 1978, that she had not seen Mr. Piazza for several years. The Cadillac was a 1976 model. Furthermore, Mrs. Crump testified that her mother had given her "approval" to her taking the money (Mrs. Crump was of age, obviously) for the Cadillac, and Mrs. Azar testified that she did not know the money had been given to her daughter, and was surprised so to be told by counsel taking her deposition. Obviously, the mother's and daughter's versions of what transpired cannot both have been correct, although both may have been false, and there was a basis for Dr. Crump's statement that the testimony was not credible. We might go a step further and say that, even if Dr. Crump told Mr. Monsour that there may have been perjury, his remark was true as it does appear that there may have been perjury.
Appellant contends that the truth of a remark that is defamatory must be affirmatively alleged by defendant in pleadings. Clearly, in the present case, defendant failed to raise the affirmative defense of the truth of the remark. However, plaintiff opened the whole matter by evidence presented by her own counsel in the form of testimony, the record of the proceeding in Family Court, and depositions, and cannot now be heard to insist that defendant be limited by his pleadings.
We note further that defendant pleaded privilege as an affirmative defense. A qualified privilege exists if a defamatory communication is made (1) in good faith, (2) on a matter in which the person communicating has an interest or with regard to which he has a duty, (3) to a person having a corresponding interest or duty, Toomer v. Breaux, 146 So.2d 723 (La.App. 3d Cir. 1962). Dr. Crump was quite clearly in good faith in stating that Mrs. Crump's remarks were inconsistent. They were. Dr. Crump had a duty to report circumstances involving a possible crime (perjury) to the District Attorney's office, and that office had a corresponding duty to receive that information. The public and all individuals have an interest that circumstances constituting possible criminal activity be brought to the scrutiny of the proper authorities, and, although reckless charges should not be accorded privileged status, remarks made in good faith setting forth charges that are well-founded and have firm factual bases are clearly privileged.
Finally, the trial court found there had been no actionable defamation. In that determination, as we have seen, we find no error.
The judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.