MARVIN, Judge.
In this action under the penalty wage statute, LRS 23:631, the defendant-employer, Sambo’s, appeals a judgment in favor of the plaintiff employee for 90 days wages, interest, and attorney fees. We agree with the defendant’s contention that the trial court erred in not allowing the defendant to introduce evidence and amend its pleadings about plaintiff’s taking tips that belonged to other employees after plaintiff was cross examined without objection and was re-examined by her own counsel on this point. CCP 1154.
After plaintiff worked one eight-hour shift as a waitress at defendant’s restaurant, the restaurant manager terminated plaintiff’s employment because he was displeased with plaintiff’s performance and apparently because plaintiff was alleged to have taken tips which belonged to other employees. Defendant’s answer generally denied that plaintiff had made demands for wages which were owed her and did not set forth any affirmative or equitable defense. CCP 1005.
During the trial of the case plaintiff testified that she had not received payment for working the one shift. On cross examination, plaintiff was questioned at length about the taking of tips which belonged to other employees and instructions given to her by supervisory employees against the *814 taking of such tips. Plaintiff denied taking any tips and was re-examined by her own counsel about the taking of tips and the effect of the tip taking on plaintiff’s termination. When plaintiff concluded her case defendant indicated that other witnesses would be called to show that plaintiff took tips belonging to other employees. Plaintiff’s counsel then objected for the first time that defendant was attempting to raise an affirmative defense which had not been pleaded. The trial court denied defendant’s request to amend its answer under CCP 1154.
When evidence is introduced without objection on an issue not pleaded, the pleadings are deemed to have been enlarged or automatically amended by the implied consent of the parties. See DLJ of Louisiana No. 1 v. Green Thumb, Inc., 376 So.2d 121 (La.1979). In such circumstances, a formal amendment of the pleadings should be allowed under CCP 1154 because the amendment serves only a housekeeping purpose. Wexler v. Martin, 367 So.2d 111 (La.App. 4th Cir.1979). The effect of CCP 1154 is applicable even to affirmative defenses which must be specially pleaded. CCP 1005. Crump v. Crump, 393 So.2d 337 (La.App. 1st Cir.1980). Such an amendment can be allowed even after judgment. Wex-ler, supra.
Plaintiff did not object to the interjection of this defense and will not be prejudiced by an amendment to the pleadings or further evidence concerning the issue. The ultimate merits of this defense need not be anticipated. CCP 1154 allows plaintiff a continuance if plaintiff shows that she may be prejudiced by this procedure.
Accordingly, judgment below is reversed and the cause is remanded for further proceedings consistent with this opinion. Costs shall be assessed by the trial court when a judgment on the merits is rendered.
REVERSED and remanded.
HALL, J., concurs with written reasons.