GROVER L. COVINGTON, Chief Judge.
The instant matter, an appeal from a default judgment in a third-party demand by the two third-party defendants, as well as by a corporation that was not party to the suit, but was cast in the judgment, presents a procedurally interesting situation. For the reasons hereinafter stated, the judgment of the trial court on the third-party demand will be vacated in part and affirmed in part.
I. Summary of Pleadings and Action in Trial Court
Plaintiff Thomas Arsenault originally filed a petition for damages for personal injuries allegedly sustained while on a job-site owned by defendant Gulf States Utilities Company (G.S.U.), whose general contractor for the project in question was defendant Stone & Webster Engineering Corporation (Stone & Webster). Plaintiffs petition stated that he was employed by Concrete Coring Company, but did not include Concrete Coring Company as a party.
Defendants G.S.U. and Stone & Webster filed an answer which alleged that plaintiffs employer, Concrete Coring Company, was a sub-contractor of Stone & Webster, and thus that defendants were statutory employers of the plaintiff. Later, they filed a separate third-party demand against R.H. Jones & Co., Inc.,[1]' d./b./a. Specialty Sales & Service Co., for indemnity regarding plaintiffs main demand against them, but again, Concrete Coring Company was not made party to the suit.
However, after an approximately eight and one-half month-period, during which no answer or other response was filed to the third-party demand, defendants and third-party plaintiffs G.S.U. and Stone & Webster filed a written motion for a preliminary default against “R.H. Jones & Company, Inc., d/b/a Specialty Sales and Service Company and Concrete Coring Company.” (Emphasis ours). The preliminary default was granted by the court below on May 3, 1984, and on May 8, 1984, the judgment of default was confirmed against “R.H. Jones and Company, Inc., d/b/a Specialty Sales and Service Company and Concrete Coring Company” for “all expenses, including attorneys fees and direct or indirect expenses incurred in connection with the defense of the main demand in this action.”
With regard to third-party defendant R.H. Jones & Company, Inc., the third-party petition filed by G.S.U. and Stone & Webster alleged that they were entitled to indemnity pursuant to a contract between Stone & Webster and R.H. Jones & Company, Inc., portions of which were submitted into the record at the confirmation of the preliminary default. The service information on the petition listed the agent for service of process for R.H. Jones & Company, Inc., as Richard H. Jones, Sr. The record reflects that the sheriff’s return shows service upon “Ricky Jones,” rather than Richard H. Jones, Sr.
Both Concrete Coring Company and R.H. Jones & Company, Inc., have separately and devolutively appealed the default judgment in the third-party demand on the following grounds:
(1) The judgment against Concrete Coring Company was granted against one who was never sued, cited, or served with process as required by law;
(2) The judgment against R.H. Jones & Company, Inc., d./b./a. Specialty Sales & Service Company was rendered without service on its registered agent for service of process; and
(3) The judgment against R.H. Jones & Company, Inc., was invalid because sufficient evidence of its purported liability was not produced at trial.
Additionally, in its written motion for devolutive appeal, R.H. Jones & Company, Inc., alleged an agreement between its own counsel and appellees’ counsel that no action prejudicial to the third party defendant would be taken without prior notice.
Although a joint brief was filed by appellants, who are represented by the same *697 counsel, we will address their arguments separately.
II. Judgment against Concrete Coring Company
Appellant Concrete Coring Company correctly argues that it may not be cast in judgment in a suit to which it has never been made a party, or for which it has not received citation or service. La. Code of Civil Procedure, Articles 6, 1201.[2] The record discloses, and it is not seriously disputed by appellees, that Concrete Coring Company was not named as a party, cited, or served in the proceedings below. Thus, it is patent on the face of the record that the judgment as to this appellant is without validity, or in the language of Article 1201, “absolutely null.” Since the record is sufficiently clear on this point, we can overlook the highly irregular act of a non-party to a suit in appealing the judgment in said suit, and vacate that portion of the judgment relating to Concrete Coring Company for the sake of judicial economy, rather than dismissing the appeal and requiring this appellant to institute an action of nullity under La.Code of Civil Procedure, Articles 2001 et seq.
III. Judgment against R.H. Jones & Company, Inc.
Appellant R.H. Jones & Company, Inc., argues in brief that the judgment against it is also null, because there was no service of process upon its registered agent for such purposes, Richard H. Jones, Sr. It asserts that the “Ricky Jones” upon whom service was made was the son of Richard H. Jones, Sr., and thus that the domiciliary service herein was inadequate under Article 1261 of the Code of Civil Procedure. Additionally, it asserts that the default judgment was improperly confirmed upon insufficient evidence of any liability to Stone & Webster, as selected parts of the contract between it and Stone & Webster were submitted as evidence, rather than the entire contract.
Appellees, on the other hand, argue that the act of appellant in requesting relief from the trial court’s judgment based on any ground other than sufficiency of process, or jurisdiction, constitutes a waiver of its right to object to any irregularity of service. Specifically, appellees claim that this part of the appeal regarding the merits by R.H. Jones <& Company, Inc. amounts to a general appearance within the meaning of Article 7 of the Code of Civil Procedure, citing D.L.J. of Louisiana #1 v. Green Thumb, Inc., 334 So.2d 801 at 804 (La.App. 3rd Cir.1976). Moreover, appellees argue that the record contains no evidence that the service was invalid, and cite authorities for the great weight accorded to sheriffs returns under our law and jurisprudence.
We think appellees are correct in contending that R.H. Jones & Company, Inc. has waived its objection to any irregularity in service by means of this appeal. Appellant has requested that this court grant relief that requires an examination of the merits of the case and an evaluation of the nature of the evidence submitted in the trial court. By asking this Court to rule upon the correctness of the trial court’s decision on the merits of the case, appellant has necessarily gone beyond that action *698 necessary to prevent a wrongful exercise of jurisdiction. Appellant has thus made an appearance within the meaning of Article 7.[3]
Unlike the situation of Concrete Coring Company, in which the nullity of the judgment was patent on the face of the record, appellant here has been a third party throughout, has been cited as such, and the record includes the sheriffs return indicating service upon “Ricky Jones.” The record is completely devoid of any evidence that the agent of R.H. Jones & Company, Inc., was not properly served, or of any indication that “Ricky Jones” is any person other than the “Richard H. Jones, Sr.” listed as agent for the corporation. In view of the prima facie proof of service constituted by the sheriffs return under Code of Civil Procedure Article 1292 and La.R.S. 13:3471(5)[4], and despite appellant’s unsubstantiated assertions in brief to the contrary, we must presume service to have been properly effected.
We are aware that there are cases in which the question of lack of personal jurisdiction through defects in service or citation has been appealed. This is undoubtedly the proper posture of those instances in which exceptions are filed in and ruled upon by the trial court. However, where the trial court has had no opportunity to address this issue, in cases such as this one, where a default judgment was rendered, the more correct presentation of such issues is provided by Articles 2001 et seq. of the Code of Civil Procedure, which detail the purpose and requisites of the action of nullity, an ordinary proceeding brought in the trial court which rendered the judgment in question.
Such an approach may seem productive of harsh results, but in the instant case, since appellant apparently had actual notice of the third-party claim, as indicated by the *699 alleged agreement between counsel referred to in the motion for appeal, we are comforted that no inequities will occur through our adherence to the provisions of the Code of Civil Procedure.
We turn now to the question of sufficiency of evidence raised by appellant regarding the use of excerpts of the contract between it and Stone & Webster, rather than the entire contract. The standard of proof required for confirmation of a default of judgment is found within Article 1702(A), Code of Civil Procedure, which reads as follows:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
Our examination of the excerpts of the contract reveals that the language of indemnity relied upon by appellees in Article 9 of the supplemental conditions of contract is sufficient to establish a prima facie case against appellant.[5] Also included with Article 9 is a copy of the first four pages of the contract, indicating the names of the contracting parties and bearing the signatures of each party’s representative, as well as a table of contents for all supplemental conditions of the contract. Appel-lee has satisfied the burden of proof required to confirm the default judgment.
For the foregoing reasons, we vacate that portion of the third-party judgment affecting Concrete Coring Company, and affirm the judgment against R.H. Jones & Company, Inc., d./b./a. Specialty Sales and Service.
AFFIRMED IN PART, VACATED IN PART.

. The proper name of this third-party defendant appellant is R.H. Jones & Company, Inc.

. Article 6 of the La.Code of Civil Procedure provides as follows:
Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
(3)The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.
Article 1201 reads as follows:
Citation and service thereof are essential in all civil actions except summary and exec-utory proceedings. Without them all proceedings are absolutely null.
The defendant may expressly waive citation and service thereof by any written waiver made part of the record.

. Article 7 reads as follows
A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
B. This Article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him.
C. When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no’jurisdiction over him, the pleading of other objections therein, the filing of the dilatory and peremptory exceptions therewith, or the filing of an answer therewith when required by law, does not constitute a general appearance.

. Article 1292 provides:
The sheriff shall endorse a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.
La.R.S. 13:3471(5) provides:
The following rules supplement those governing the service of citation and other legal process in a civil action or proceeding contained in the Code of Civil Procedure:
(5) The return of the serving officer on any citation or other legal process is conclusive unless directly attacked. Such an attack may be made by rule in the action or proceeding, if made prior to judgment. If made after judgment, the return may be attacked only in a direct action to annul the judgment, which may be brought in the original action proceeding.
If the defendant was actually served, the court may correct an error in the return by an amendment thereof, on a rule brought against and tried contradictorily with the defendant who was served or any other party who may be affected by the amendment.

. The language relied upon in Article 9, which is entitled "Protection Against Accidents and Damages,” reads in pertinent part:
The Contractor shall have the absolute and entire responsibility and liability for any and all damages, loss or injury of any kind or nature whatsoever, direct or indirect, to person or property arising out of or in connection with the execution of the work provided for in the Contract (or any activity connected therewith); and, in such connection, the Contractor shall indemnify and hold harmless the Purchaser, the Owner and their respective employees (which term as used in this Article 9 shall be deemed to include directors, officers, employees, agents and servants, and any other persons directly or indirectly engaged in any activity connected with the performance of the Contract or such work) from and against any and all liabilities, claims, losses, damages or expenses, including reasonable counsel fees, which may be incurred or sustained by the Purchaser, the Owner or any of their respective employees, by reason of any act, omission, misconduct, negligence or default on the part of the Contractor, any Subcontractor of the Contractor or any employee of the Contractor or such Subcontractor, and, except as may otherwise be provided by applicable law, such rights to indemnification shall obtain regardless of whether any act, omission, misconduct, negligence or default (other than gross negligence or wilful misconduct) of the Purchaser, the Owner or any employee of either contributed or may be alleged to have contributed in any thereto.

Whenever any suit or other proceeding which involves any matter with respect to which the indemnification provisions of this Article 9 are applicable shall be brought against the Purchaser, the Owner, or any employees of either, the Contractor shall upon receipt of timely notice of the institution of such suit or other proceedings assume the defense thereof and defend the same at the Contractor’s own expense and pay any and all costs, charges, attorneys’ fees and other expenses and any and all judgments that may be incurred- by or obtained against the Purchaser, the Owner, or any employees of either in such suits or other proceedings, and if any judgment or other lien shall be placed upon or obtained against the property of the Purchaser, the Owner or any employees of either in or as a result of such suits or other proceedings the Contractor shall at once cause the same to be released and discharged by giving bond or otherwise.