**Jerry W. MATTHIAS and Kathryn A. Schurber, Plaintiffs–Appellees,**

v.

**Dallas H. BINGLEY, et al., Defendants,**

**City of Houston, Defendant–Appellant.**

No. 88–6125.

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1990.

Robert L. Cambrice, Murray E. Malakoff, Asst. City Attys. and Clarence A. West, City Atty., Houston, Tex., for defendant-appellant.

Robert A. Schults, Sheinfeld, Maley & Kay, and Clinard J. Hanby, Essmyer & Hanby, Houston, Tex., for plaintiffs-appellees.

Before GOLDBERG, POLITZ, and JONES, Circuit Judges.

PER CURIAM:

Appellant has filed a petition for rehearing with regard to our disposition of this case, *Matthias v. Bingley*, 906 F.2d 1047 (5th Cir.1990). We hereby modify our prior panel opinion.

At 1052, we stated that "[t]he system does not require some other type of notice, e.g., newspaper publication, when officers cannot notify directly all persons with interests in the property." We hereby change that sentence to read "[t]he system does not require some other type of notice (for example, publication at City Hall) when officers cannot notify directly all persons with interests in the property."

We also change the last three sentences of the paragraph beginning on 1052 and ending on 1053, which read:

Finally, if the City cannot notify persons with colorable claims to the property because it does not know where to reach them and has tried to do so, then the City can at least attempt to safeguard those interests by publishing notice in newspapers most likely to be read by the people having claims in the property. Providing some sort of constructive notice, such as newspaper publication, will better protect property interests than the present system of no notification at all. These procedural safeguards allowing more persons to protect their property interests are, of course, valuable.

These sentences should read:

Finally, if the City cannot notify persons with colorable claims to the property because it does not know where to reach them and has tried to do so, then the City can at least attempt to safeguard those interests by maintaining a log of all property and making that log available to the public by posting it at City Hall. Providing some sort of constructive notice, such as posting a record of the property to be sold if not claimed by the owner, will better protect property interests than the present system of no notification at all. These procedural safeguards allowing more persons to protect their property interests are, of course, valuable.

With the exception of the above changes, the panel adheres to its prior opinion in this case and denies the petition for rehearing.