**P.H. HAHN**

v.

**The CITY OF KENNER, et al.**

**No. CIV.A. 96–2425.**

United States District Court,
E.D. Louisiana.

Aug. 28, 1997.

Robert G. Harvey, Sr., William Joseph Larzelere, III, Tamara Kluger Jacobson, Robert G. Harvey, Sr., & Associates, New Orleans, LA, William Patrick Klotz, Jr., New Orleans, LA, Ann Comerio, Plunkett & Gibson, Inc., San Antonio, TX, for P.J. Hahn.

Gerald Joseph Nielson, Muriel O. Van Horn, Susan Annette Weldon, Nielson Law Firm, Metairie, LA, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Kenner City.

Thomas P. Anzelmo, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, LA, Gerald Joseph Nielson, Muriel O. Van Horn, Susan Annette Weldon, Nielson Law Firm, Metairie, LA, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, Salvador Anzelmo, Salvador Anzelmo Law Offices, New Orleans, LA, for Louis Congemi.

Gerald Joseph Nielson, Muriel O. Van Horn, Susan Annette Weldon, Nielson Law Firm, Metairie, LA, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Nick Congemi, Anthony Lombard.

H. Alston Johnson, Phelps, Dunbar, LLP, Baton Rouge, LA, Harry A. Rosenberg, Maria Nan Alessandra, Phelps, Dunbar, LLP, New Orleans, LA, Thomas Glenn Buck, Robert Edward Williams, IV, Blue, Williams, LLP, Metairie, LA, for Ken Hollis.

Ann Comerio, Plunkett & Gibson, Inc., San Antonio, TX, for Tom Brundage.

Clement Peter Donelon, Metairie, LA, for Bruce Lizana.

Clement Peter Donelon, Metairie, LA, pro se.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court are motions for summary judgment filed by the following defendants: 1) the City of Kenner ("Kenner"); 2) Kenner Police Officer Anthony Lombard ("Officer Lombard"); and 3) Kenner Chief of Police Nick Congemi ("Chief Congemi"). Also before the Court is plaintiff's motion to reconsider Court's earlier Order granting summary judgment to Kenner Mayor Louis Congemi ("Mayor Congemi"). For the reasons stated below, the motions for summary judgment filed by Kenner and Officer Lombard are GRANTED. Chief Congemi's motion for summary judgment is GRANTED as to all 42 U.S.C. § 1983 claims, and DENIED as to plaintiff's state law defamation claim. Plaintiff's motion to reconsider the grant of summary judgment to Mayor Congemi is DENIED.

## I. BACKGROUND

Plaintiff P.J. Hahn ("Hahn") alleges that on August 24, 1995 he was arrested without probable cause by Officer Lombard, acting at the urging of Chief Congemi. While under arrest, Hahn contends that he suffered unlawful detention, being denied a phone call for several hours, and being released only upon posting an excessive bond. Hahn claims that his arrest and detention violated his constitutional rights. After his release, Hahn claims that Chief Congemi acted in concert with his brother Louis Congemi (later to become Mayor Congemi) and others to delay and otherwise interfere with his criminal proceedings. Hahn asserts that such interference caused a violation of his Fourteenth Amendment due process rights, and his Six Amendment right to a speedy trial. Hahn claims that after his arrest, Chief Congemi and Mayor Congemi defamed him by divulging false information about the circumstances surrounding his arrest. Hahn also seeks to hold Kenner liable, primarily for the actions of the individual defendants. Hahn seeks relief from Officer Lombard and Kenner under 42 U.S.C. § 1983, and from the Congemis under both 42 U.S.C. § 1983 and state defamation law.

## II. ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir.1995). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* "[A] dispute about a material fact is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of demonstrating the existence of a genuine issue is not met by "metaphysical doubt" or "unsubstantiated assertions." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). The Court must "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* The Court does not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. *Matsushita*, 475 U.S. at 588, 106 S.Ct. at 1356–57.

Finally, "the mere existence of some factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be genuine and material." *Willis*, 61 F.3d at 315. "Only disputes over facts that might affect the outcome of the suit under the governing law will preclude summary judgment." *Id.*

### A. Officer Lombard's Motion for Summary Judgment

Hahn claims that Officer Lombard violated his right to be free of arrest and detention. Hahn seeks relief under 42 U.S.C. § 1983. *See, e.g., Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir.1988). Lombard asserts that he had probable cause to arrest and detain Hahn and therefore Hahn can not prove a constitutional violation. In the alternative, Lombard asserts a defense of qualified immunity. He seeks summary judgment dismissing Hahn's claims.

Hahn's underlying claim against Officer Lombard arises out of Lombard's arrest of Hahn in the early morning hours of August 24, 1995. At approximately 11:30 p.m. on August 23 Hahn returned to his former residence, occupied by his then-estranged wife and two daughters, to procure some personal items. Also in the house at the time were

Hahn's sister-in-law, Shari D'Aunoy, and her friend, Mary Schroeder. Hahn states that he attempted to free his daughter from what he alleges was Schroeder's unlawful restraint. Hahn admits that during the said altercation he "grabbed Mary Schroeder's arm," and "pushed her away," (Hahn Deposition at 245.) Hahn believes that at this point D'Aunoy called the police. Hahn admits that he went to the bedroom and picked up clothes and a loaded 9mm Beretta, supposedly to insure that it would not subsequently be misused by his minor children. Hahn states that upon seeing the gun, D'Aunoy and Schroeder ran out of the house. (Hahn Deposition at 252.)

Officer Lombard was dispatched at 11:47 p.m. to handle a domestic dispute involving a weapon. (Pre-trial Order at 11.) Although Hahn claims that he was pointing the gun downward, Hahn admits that he was holding the Beretta when he encountered Lombard as Hahn left the residence. At 12:10 a.m. Lombard placed Hahn under arrest. Hahn was charged with disturbing the peace involving a domestic disturbance, aggravated assault, and simple battery.

Probable cause to arrest defeats a Section 1983 claim based on false arrest. *See Fields v. City of South Houston, Texas*, 922 F.2d 1183, 1189 (5th Cir.1991); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "Probable cause exists where the facts and circumstances within the arresting officers' knowledge are sufficient in themselves to warrant a man of reasonable caution in the belief that the person to be arrested has committed or is committing an offense." *United States v. Mendez*, 27 F.3d 126, 129 (5th Cir.1994) (citing *United States v. Orozco*, 982 F.2d 152, 154 (5th Cir.), *cert. denied*, 508 U.S. 945, 113 S.Ct. 2430, 124 L.Ed.2d 650 (1993)). Probable cause is not determined by after-acquired information, but is measured "at the moment the arrest was made." *Id.* At the time of arrest, Officer Lombard, responding to a domestic dispute involving a weapon, encountered Hahn

leaving the scene with a loaded weapon. According to his arrest report, Lombard was informed by witnesses on the scene that Hahn had "pointed a loaded 9mm gun at victims, Schroeder and D'Aunoy."[1] He was also informed by Schroeder or D'Aunoy of Hahn's contact with Schroeder. According to Hahn's own testimony, "[o]ne [Schroeder or D'Aunoy] told him I punched her in the jaw, and the other one said I hit her in the chest." (Hahn Deposition at 300.) Lombard then learned from Hahn that some non-consensual contact had taken place, Hahn admits. (Hahn Deposition at 300.) Hahn even admits that Officer Lombard had probable cause to believe that a battery had occurred, as well as probable cause to arrest him.[2] (Hahn Deposition at 302.) The court finds that the facts and circumstances within Lombard's knowledge provided reasonably trustworthy information sufficient to warrant a prudent man in believing that Hahn had committed a crime. Thus, this court finds that as a matter of law, Officer Lombard had probable cause to arrest Hahn, and any claim based on false arrest must fail.

■ Despite testimony by Hahn admitting that Officer Lombard had probable cause (Hahn Deposition at 302), Hahn now offers several arguments refuting the existence of a valid arrest. First, Hahn claims that D'Aunoy and Schroeder were not trustworthy. Probable cause must be based on "reasonably trustworthy information." *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964)). While probable cause always rests on the particular facts and circumstances of the situation, and victim statements are not automatically adjudged reasonably trustworthy, "probable cause determinations predicated on information furnished by a victim are generally considered to be reliable." *B.C.R. Transport Co. v. Fontaine*, 727 F.2d 7, 10 (1st Cir.1984). This Circuit has noted that reliability discus-

---

1. Hahn does *not* dispute that Officer Lombard accurately recorded information told to him. (Hahn Deposition at 302.)

2. Hahn's legal characterization of probable cause is not a dispositive admission, and is not relied on by this Court in reaching its own decision as to probable cause.

sions "addressed to the particular problem of professional informers should not be applied in a wooden fashion to cases where the information comes from an alleged victim or witness to the crime." *United States v. Darensbourg*, 520 F.2d 985, 988 (5th Cir.1975). The objections Hahn raises as to the trustworthy nature of the information Lombard received from Schroeder, the alleged victim, and D'Aunoy, a witness to events, namely their supposed animosity towards him, raises a witness credibility issue undoubtedly very pertinent to Hahn's criminal case. Such an objection does not here refute probable cause. This Court specifically finds, as a matter of law, that statements received from Schroeder and D'Aunoy, along with the other facts and circumstance Officer Lombard was aware of, including corroboration from Hahn that some physical contact had occurred, provided sufficient, reasonably trustworthy information on which to base his decision that there was probable cause to arrest Hahn.

Next, Hahn complains that he was not questioned about events pre-arrest. While Officer Lombard may not have thoroughly examined Hahn, Hahn admits that he informed Lombard at least about the physical contact with Schroeder. Even if Lombard had exhaustively questioned Hahn and received his full statement, probable cause would still exist since Hahn's version of events, as relayed in his Deposition, would not have removed probable cause.

■ Hahn also claims that he was arrested only after Lombard phoned defendant Chief Congemi, informed Chief Congemi that Hahn had close connections to Chief Congemi's political adversary, Sheriff Harry Lee, and apparently received instructions to arrest Hahn.[3] Thus, Lombard allegedly had improper motives in arresting Hahn. However, "only an undiscerning reader would regard [other cases] as endorsing the principle that ulterior motives can invalidate police conduct that is justifiable on the basis of probable cause to believe that a violation of

law has occurred." *Whren v. U.S.*, 517 U.S. 806, ——, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996). The existence or content of Lombard's call is simply immaterial. Whether Lombard had an additional, improper motive to arrest Hahn is irrelevant to whether probable cause existed. And where, as here, probable cause is established, the Court has "flatly dismissed the idea that an ulterior motive might serve to strip the agents of their legal justification." *Id.* (citing *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)).

In addition to claims surrounding his arrest, Hahn claims that Lombard is liable in connection with Hahn's allegedly unlawful detention following arrest, including the supposedly unreasonable denial of Hahn's right to make a phone call, excessive bond, and excessively long detention. Hahn does not specify Lombard's role in his supposedly unreasonable detention. More importantly, as discussed *infra* II.D, nothing about Hahn's detention violated any constitutional guarantees. Therefore, Officer Lombard's liability can not be based on the events of the early morning hours of August 24. Finally, Hahn notes in his Supplemental Response that while he is "unaware ... of any involvement by Officer Lombard in the Kenner City Court proceedings," future depositions may provide support. First, a "claim that further discovery ... might reveal facts of which the plaintiff is currently unaware of is insufficient to defeat [summary judgment]." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir.1988). Second, as examined *infra* II.B, since Hahn suffered no constitutional deprivation in conjunction with his criminal court proceedings, any involvement by Lombard is inconsequential.

For the above reasons, the Court finds that Officer Lombard is entitled to summary judgment as a matter of law.[4]

## B. *Kenner Police Chief Nick Congemi's Motion for Summary Judgment*

Hahn alleges that Chief Congemi ordered or urged Officer Lombard to arrest Hahn

---

**3.** Defendants refute that such a phone call took place.

**4.** Since Lombard's actions did not deprive Hahn of any constitutionally protected right, the Court

will not answer the now unnecessary question of whether Lombard enjoyed qualified immunity for his actions.

without probable cause, violating his Fourth Amendment rights. Next, Hahn claims that Chief Congemi acted in concert with Mayor Congemi and others to delay and otherwise interfere with his criminal proceedings, causing a violation of his Fourteenth Amendment due process rights and his Six Amendment speedy trial rights. Lastly, Hahn asserts that Chief Congemi defamed him by divulging false information about the circumstances surrounding Hahn's arrest. Hahn seeks relief under 42 U.S.C. § 1983 and state defamation law. Chief Congemi denies that he had any role in Hahn's arrest, that he exerted any improper influence on Hahn's criminal case, or that he uttered any defamatory statements. In the alternative, Chief Congemi claims that his actions did not cause a violation to any of Hahn's constitutional rights, that he is entitled to qualified immunity for any actions that did, and that he is protected from state law defamation liability under the doctrine of conditional privilege. Chief Congemi seeks summary judgment as to all claims.

Hahn's first claim proceeds from the allegation, discussed *supra* II.A, that prior to Hahn's arrest, Officer Lombard phoned Chief Congemi, and that after learning that Hahn had close connections to Chief Congemi's political adversary, Chief Congemi ordered Lombard to arrest Hahn.[5] As determined above, Officer Lombard had probable cause to arrest Hahn. Since Hahn's arrest did not violate any of Hahn's constitutional rights, any involvement by Chief Congemi is immaterial. Without a violation of Hahn's rights, Hahn can not possibly assert a Section 1983 action against Chief Congemi in connection with his arrest.

Hahn's second claim is that Chief Congemi conspired to interfere with the Kenner City Court criminal proceedings regarding Hahn's domestic disturbance charges. In order for Chief Congemi to be liable under Section 1983 for any actions that he may have taken, Hahn must show a constitutional violation. Hahn asserts that his Fourteenth Amendment right to due process and his Sixth Amendment right to a speedy trial were violated, in part at least due to Chief Congemi's interference.

Hahn claims that Chief Congemi first violated his Fourteenth Amendment due process right by improperly intervening to bar Hahn's divorce lawyer and then Senior City Prosecutor Robert Defrancesch ("Defrancesch") from retrieving the seized Beretta. Chief Congemi admits to intervening. However, for Chief Congemi's alleged intervention regarding the gun to be a Section 1983 violation, Hahn must show that this deprivation violated his Fourteenth Amendment property interest. Where the government *permanently* deprives plaintiff of his even lawfully seized personal belongings, plaintiff's due process property interest is implicated, and a Section 1983 claim arises. *See Matthias v. Bingley*, 906 F.2d 1047, 1050 (5th Cir.), *modified on other grounds*, 915 F.2d 946 (5th Cir.1990). "The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Cooper v. City of Greenwood, Miss.*, 904 F.2d 302 (5th Cir.1990). Had the City or Chief Congemi permanently denied Hahn his gun, Hahn may well have a Section 1983 claim. Additionally, had Hahn filed a formal court action seeking the return of the gun, even while his criminal case was pending, a court might have been required to balance his interest in instant recoupment with the government's interest in retaining the evidence for trial. *See, e.g. In re Smith*, 888 F.2d 167, 168 (D.C.Cir.1989). Hahn has in fact introduced evidence that guns are not normally needed as evidence in criminal trials, but that photographs suffice. (Defrancesch Affidavit.) While this may have been testimony pertinent to any motion for the return of his gun, Hahn does not claim that he ever brought a formal action, and only informally sought the return through Defrancesch. There is in fact uncontroverted testimony in the record from Chief Congemi that "evidence can only be released on the signature and court order of a judge, and a prosecutor can not do that." (Chief Congemi Deposition at 332.) Hahn does not allege any inadequacies in the post-deprivation judicial remedies available to

---

5. Defendants refute that such a phone call took     place.

him. The Court finds that Hahn suffered no constitutional harm by being blocked from immediately obtaining his Beretta. Thus any interference by Chief Congemi is irrelevant.

■ Hahn next raises the issue of his bail that was not returned pre-trial. Hahn again introduces testimony by Defrancesch that on "numerous occasions" bail had been returned to defendants pre-trial. (Defrancesch Affidavit.) Hahn, however, does not show evidence of Chief Congemi's role, and Chief Congemi does not admit to any involvement. Additionally, even if bail had been returned to other criminal defendants in the past, and Chief Congemi did interfere, Hahn does not explain how such discretionary practices created a recognized and protected Fourteenth Amendment right to the pre-trial return of his bail. As with the Beretta, plaintiff does not allege that he went through proper channels to seek return of his bail, but only that he requested Defrancesch to arrange its return. The Court need not discuss any rights or standards applicable in a hearing on the bail issue, and rules that, as plead, Hahn suffered no deprivation rising to a constitutionally cognizable injury. Chief Congemi's alleged actions in interfering with release of the bail are thus of no import.

■ Hahn then raises Chief Congemi's role in supposedly improperly influencing Hahn's criminal proceedings. Hahn submits evidence of pressure Chief Congemi and his brother, Defendant Mayor Louis Congemi, placed on the initial judge assigned to Hahn's criminal case, Bruce Lizana, and on the prosecutors in his case. (*See, e.g.,* Affidavits of Defrancesch and Robert G. Harvey.) Hahn alleges that this has resulted in denial of his Fourteenth Amendment due process rights and his Sixth Amendment right to a speedy trial.

■ "Affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Doggett v. United States,* 505 U.S. 647, 655, 112 S.Ct. 2686, 2692, 120 L.Ed.2d 520 (1992). However, "the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice." *Id.*

While impairment of the ability to mount a defense is not the only consideration in weighing the prejudice from a delay, it is the "most serious." *United States v. Valenzuela–Bernal,* 458 U.S. 858, 869, 102 S.Ct. 3440, 3447, 73 L.Ed.2d 1193 (1982). In response, Hahn has pointed to nothing in the record showing how he has been prejudiced by any such delay. Hahn's allegations of a Sixth Amendment violation are unsupported and raise no genuine issue of material fact.

■ Hahn also claims that Chief Congemi, again acting in concert with others, violated his Fourteenth Amendment due process rights. It is well established that "proof of prejudice is generally a necessary but not sufficient element to a due process claim." *United States v. Valenzuela–Bernal,* 458 U.S. 858, 869, 102 S.Ct. 3440, 3447, 73 L.Ed.2d 1193 (1982). Once again, Hahn has raised no material issue of fact as to what prejudice he has suffered. Hahn claims that the initial judge assigned to his case, Bruce Lizana, admitted that the Congemi's had placed pressure on him. However, Judge Lizana has since been recused. Additionally, the parties Pre–Trial Order stipulates that "this case does not involve any claims by Mr. Hahn that Judge Lizana committed any wrongdoing whatsoever." (Pre–Trial Order at 12.) Hahn specifically states that he has no evidence of any tampering with his record. (Hahn Deposition at 780.) Hahn also alleges that prosecutors and others have been pressured to treat him differently. Again however, Hahn points to no cognizable harm caused by any such pressure. Any attempt by Chief Congemi to influence Hahn's case, while troubling if true, is insufficient to form the basis of a Section 1983 action, as it did not cause a violation of any of Hahn's constitutionally protected rights.

■ Alternatively, even if Hahn's due process or speedy trial rights have been violated, Hahn admits that until certain additional depositions are taken, "it is impossible to determine whether the political influence of Mayor Congemi, acting in concert with his brother, Chief Congemi, and others violated the petitioner's right to due process and a speedy trial." (P.J. Hahn's Motion to Reconsider Summary Judgment at 3.) Hahn may

not escape summary judgment at this stage of the litigation with protestations regarding unanswered discovery. "A claim that further discovery ... might reveal facts of which the plaintiff is currently unaware of is insufficient to defeat [summary judgment]." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir.1988). After ample time for discovery, Hahn's cry of prematurity cannot preclude summary judgment. The Court finds no material evidence supporting Hahn's contention that Chief Congemi caused the violations alleged by Hahn.

■ Hahn's final claim against Chief Congemi regards remarks Chief Congemi made about Hahn to Defendant State Senator Kendrick Hollis ("Senator Hollis") and State Representative Glenn Ansardi ("Rep. Ansardi") over dinner on March 4, 1995. Hahn alleges that Chief Congemi defamed him by publishing false statements regarding the circumstances surrounding Hahn's arrest, and the severity of the charges. Specifically Hahn claims that Chief Congemi said that Hahn had been arrested for felonies, had held his family at gunpoint, had his weapon wrestled away by the police, and had resisted arrest. Hahn claims that this alleged defamation raises both a Section 1983 claim and a state law defamation claim. Chief Congemi admits to making statements about Hahn that night, but claims that he only exercised his free speech rights and only informed Senator Hollis of Hahn's pending charges after Hahn allegedly failed to disclose the charges in connection with his nomination for position of President of the Levee Board. In addition, Chief Congemi asserts qualified immunity as to the Section 1983 claim, and conditional privilege as to the state law claim.

■ To maintain an action in defamation under Louisiana law, Hahn must show "(1) defamatory words; (2) publication; (3) falsity; (4) actual or implied malice; and (5) resulting injury." *Guilbeaux v. Times of Acadiana, Inc.*, 693 So.2d 1183 (La.App. 3d Cir.1997); *see also Heflin v. Sabine Assoc. of Retarded Citizens*, 685 So.2d 665 (La.App. 3d Cir.1996). Hahn's version of the conversation shows defamatory words, publication (to at least two other people), and falsity (in that Hahn was not arrested for any felonies, did not hold his family at gunpoint, and did not resist arrest). Actual or implied malice and injury are presumed when the words "without reference to their context, amount to accusation of a crime or similar conduct." *Rouly v. Enserch Corp.*, 835 F.2d 1127, 1129 (5th Cir.1988) (citing *Crump v. Crump*, 393 So.2d 337, 339 (La.App. 1st Cir.1980)). Chief Congemi does not dispute that such a conversation took place or that he discussed Hahn's activities, although he presents a different version of what he actually said. Chief Congemi admits that he did not specify to Senator Hollis that the arrest was for a misdemeanor, and that he can not recall exactly how he described the role of the other individuals involved. He does expressly deny that he said Hahn had to be wrestled to the ground, resisted arrest, or committed a felony. (Chief Congemi Deposition at 286–97.) The issue, at its core, is not one of law but of the credibility of Chief Congemi. What words Chief Congemi actually used, the context in which he spoke, and the inferences that could fairly be drawn from his words creates a factual question. "[C]redibility determinations ... and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Professional Geophysics, Inc. v. Placid Oil Co.*, 932 F.2d 394, (5th Cir.1991) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986)). As such, it is a triable issue whether Chief Congemi's statements actually defamed Hahn.

■ A Section 1983 claim is recognized in relation to a defamatory statement made by a state actor only where "a state actor has made concrete, false assertions of wrongdoing on the part of the plaintiff." *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir.1995). Chief Congemi's statements were certainly concrete, and dealt directly with Hahn. Whether they involved false assertions of wrongdoing is for the trier of fact to decide. However, for "damage to an individual's reputation as a result of defamatory statements made by a state actor" to be actionable under Section 1983, it must be "accompanied by an infringement of some

other interest." *Paul v. Davis*, 424 U.S. 693, 710–12, 96 S.Ct. 1155, 1164–65, 47 L.Ed.2d 405 (1976). "To establish the 'infringement' portion of the 'stigma plus infringement' test, a claimant must establish that the state sought to remove or significantly alter a life, liberty or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been 'incorporated.' " *San Jacinto Savings & Loan, et al. v. Kacal*, 928 F.2d 697, 701–702 (5th Cir.1991) (citing *Paul*, 424 U.S. at 710–11, 96 S.Ct. at 1164–65). Hahn claims that he satisfies the "infringement" prong of this test in two ways. Hahn asserts that his "liberty interest" has been infringed both in connection with being "falsely arrested and detained" and by "violations of due process and right to a speedy trial." (Hahn's Supplemental Response in Opposition at 8.) On the grounds discussed *supra* II.A, the Court has specifically found that plaintiff suffered no false arrest on August 24, 1995. As decided *infra* II.D, this Court finds that plaintiff suffered no constitutional violation in regard to his detention on August 24, 1995. The Court finds above that Hahn has suffered no due process or speedy trial deprivation in relation to criminal proceedings in Kenner Court. Thus, Hahn can not satisfy the infringement element necessary to pursue a Section 1983 action for defamatory statements. This final claim under Section 1983 against Chief Congemi must be dismissed.[6]

▮ Having found that Hahn raises a genuine issue of material fact as to whether Chief Congemi defamed him under Louisiana law, the Court now considers Chief Congemi's defense of conditional privilege. Under Louisiana law, set forth most fully in *Smith v. Lady of the Lake Hospital, Inc.*, conditional privilege can be raised as an affirmative defense where the defendant establishes that he made a statement " '(1) in good faith (2) on a matter in which he had an interest or a duty (3) to another person with a "corresponding interest or duty." ' " 639 So.2d 730, 743 (La.1994) (citing *Rouly v. Enserch Corp.*, 835 F.2d 1127, 1130 (5th Cir.1988)). The Louisiana Supreme Court set a two step analysis for determining a conditional privilege. First, the "attending circumstances of a communication" must "occasion a qualified privilege." *Id.* at 745. Chief Congemi undertakes a detailed analysis of the circumstances warranting the privilege, including the public nature of the nomination process, Senator Hollis' role in the confirmation process and his need to know, Chief Congemi's interest in the Levee board, and the relevance of Hahn's arrest to his fitness for the position. As this step is "generally to be determined by the court as a matter of law," *Id.*, and the Court finds the analysis persuasive, the Court rules as a matter of law that Chief Congemi raises a conditional privilege.

▮ Once the defendant has established that a qualified privilege existed, the second step requires that "the grounds for abuse [of the privilege]—malice or lack of good faith—be defined." *Id.* at 746. It is the "plaintiff's burden to come forward with specific evidence of malice and bad faith, as opposed to broad, unsubstantiated allegations." *Id.* Hahn does not respond directly to meet this burden. However, what he asserts were Chief Congemi's injurious remarks, that Hahn had been arrested for felonies, when in fact he had been arrested for misdemeanors, that he had held his family at gunpoint, and that he had his weapon wrestled away by the police, all amount to false accusations of crimes. Where the words, "without reference to their context, amount to accusation of a crime or similar conduct. malice and injury are presumed." *Rouly v. Enserch Corp.*, 835 F.2d 1127, 1129 (5th Cir. 1988) (citing *Crump v. Crump*, 393 So.2d 337, 339 (La.App. 1st Cir.1980)). "In Louisiana, accusation of a crime is considered defamatory per se." *Davis v. Borskey*, 643 So.2d 179, 183 (La.App. 1st Cir.1994), *aff'd*, 660 So.2d 17 (La.1995). While Hahn's claim of defamation rests on extremely shaky factual support, since he raises a genuine issue of fact as to whether Chief Congemi did in fact defame him, this Court can not grant Chief Congemi summary judgment on conditional privilege

---

**6.** As no Section 1983 action is maintainable against Chief Congemi, the Court declines to analyze his defense of qualified immunity.

grounds. This second step, the abuse of conditional privilege or malice, is "generally a fact question for the jury." *Smith,* 639 So.2d at 730. Where, as here, there is not "only one conclusion [that] can be drawn from the evidence," *Id.,* the Court may not decide the issue on summary judgment.

For the foregoing reasons, this Court finds that Chief Congemi is entitled to a judgment as a matter of law in regard to all claims arising out of Section 1983. The Court, however, finds that Hahn raises a genuine issue of material fact in regard to his state law defamation claim.

## C. *Hahn's Motion to Reconsider Summary Judgment for Mayor Louis Congemi*

Hahn claims that Mayor Louis Congemi, acting in concert with others, including brother Chief Congemi, denied Hahn due process and a speedy trial in his criminal court proceedings. As in his related claim against Chief Congemi, Hahn alleges that Mayor Congemi's interference with his state criminal court proceedings violated his Fourteenth Amendment due process right and his Sixth Amendment right to a speedy trial. For the reasons discussed *supra* II.B, the Court finds that Hahn suffered no such harm. In the alternative, the Court finds Hahn has raised no issue of genuine material fact as to whether Mayor Congemi, who did not even become Mayor until over six months after Hahn was arrested, and thus was not a state actor, caused any such deprivation to Hahn. Again, Hahn can not escape summary judgment by asserting that future discovery could expose some material fact.

▇▇▇ Hahn also alleges that Mayor Congemi violated Hahn's constitutional rights by "publishing or causing to be published false statements that he was charged with felo-

nies." (Hahn's Memorandum in Support of Reconsideration.) Unlike his claim against Chief Congemi, there is no evidence in the record of any statements Mayor Congemi made that could be construed as defamatory, or how Mayor Congemi caused any such statements to be published. Hahn does not point specifically to any time or situation in which such alleged defamation took place. Hahn offers only statements he says his wife told him Wendy Nuccio had told her that Mayor Congemi and/or Mayor Congemi's wife had told Ms. Nuccio. (Hahn Deposition at 722–23.) Such hearsay is "entitled to 'no weight' on a motion for summary judgment." *Joe Regueira, Inc. v. American Distilling Co., Inc.,* 642 F.2d 826, 830 (5th Cir.1981). In fact, such hearsay evidence is "not proper evidence for a district court to consider in ruling on a motion for summary judgment." *Buchanan, et al. v. Stanships, Inc.,* 744 F.2d 1070, 1076 (5th Cir.1984). Hahn admits that he is not aware through any other source of any comments made about his arrest by Mayor Congemi. (Hahn Deposition at 724.) Hahn once again relies on what future depositions could show, and once again, at this stage, such a claim will not defeat summary judgment. Hahn has thus raised no material issue of fact as to defamation by Mayor Congemi.

The Court finds that Mayor Congemi was, and still is, entitled to summary judgment as to all claims against him as a matter of law. Hahn's Motion for Reconsideration is thus denied.[7]

## D. *City of Kenner's Motion for Summary Judgment*

▇▇▇ Hahn attempts to hold the City of Kenner liable primarily for the alleged constitutional violations he suffered at the hands of the above individual defendants [8]—false

---

7. Because the Court finds that, even ruling *de novo,* Hahn presents no question of material fact, the Court does not undertake to formally evaluate Hahn's motion under the strictures of a Rule 59(e) motion. Similarly, the Court does not comment on any privilege or immunity Mayor Congemi may have enjoyed.

8. It is unclear if Hahn has even claimed that the individual defendants acted pursuant to any unconstitutional Kenner policy. Hahn claims to

show that "state actors acting in *conformity* with a City policy violated his constitutional rights." (Hahn's Supplemental Response opposing Kenner's motion for summary judgment, italics added.) However, Hahn elsewhere charges that the individual defendants acted "*contrary* to Kenner City policy." (Hahn's Statement of Disputed Fact Regarding City of Kenner's Motion for Summary Judgment, italics added.)

arrest, due process and speedy trial violations in connection with his criminal proceedings, and defamation. As the Court finds above that Hahn has suffered no such harm, and there was no constitutional violation, an analysis of any such responsibility for Kenner would be moot. A municipal corporation can not be held liable "based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986). Kenner is thus entitled to summary judgment as to these violations.

■ The only alleged constitutional violation not directly attributable to any of the individual defendants and not analyzed above is Hahn's supposedly unconstitutional detention. To the extent that Hahn's unlawful detention claim rests on his allegation that his underlying arrest was unlawful, such a claim, by virtue of the Court's finding that such arrest was valid, must necessarily fall. Hahn, however, points to the post-arrest denial of his right to use the telephone, prolonged detention, and exorbitant bond as supposedly independent sources of infringement of his constitutional rights.

It is undisputed that on August 24, 1995 Hahn arrived at Kenner Lock–Up at 12:28 a.m., made a call at 3:40 a.m., was booked at 5:15 a.m., and was released at 6:00 a.m. (Listing of Uncontested Material Facts, Pre–Trial Order at 11.) "Jurisdictions that provide judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirements of *Gerstein.*" *County of Riverside v. McLaughlin,* 500 U.S. 44, 56, 111 S.Ct. 1661, 1670 (1991). Shorter detentions are not automatically constitutional, but the burden is on "the arrested individual to prove that his or her probable cause determination was delayed unreasonably." *Id.* Hahn points to no facts or cases showing that a three hour and twelve minute delay before his phone call or a five hour and thirty-two minute delay between arrest and release, all in the pre-dawn hours, could be unreasonable. Even in a case where the individual was left overnight in a cell without being informed of the charges against him or being

allowed to make a phone call, this Circuit has *reversed* a district court for holding that "it was a jury question 'whether the eight-hour, overnight detention of the plaintiff was reasonable.'" *White v. Taylor,* 959 F.2d 539, 541 (5th Cir.1992). The Court finds that, as a matter of law, Hahn's detention was not unreasonable and did not causes a constitutional violation.

Similarly, Hahn points to nothing showing that his $1,180 bail was excessive. Bail was set in accordance with a Magistrate Court schedule fixing the amount of bail at a per-crime-charged-with amount. Hahn does not challenge the constitutionality of the bail schedule. In the absence of any real attempt to show how Hahn's bail was excessive, the Court finds that Hahn's bail did not violate his constitutional rights.

■ To the extent that Hahn attempts to hold Kenner liable for any other alleged unconstitutional policy not directly addressed, "[w]ithout an underlying constitutional violation, an essential element of municipal liability is missing." *Becerra v. Asher,* 105 F.3d 1042, 1048 (5th Cir.1997). Even if a certain municipal policy were found to be unconstitutional, a plaintiff suffering no constitutional harm can not prevail. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986). For example, Hahn asserts that Kenner procedures in regard to arrests in domestic violence/disturbance cases is unconstitutional. Though Hahn does not explain why, even if he were correct, as Hahn suffered no improper arrest, there was no violation, and no possible Kenner liability.

Accordingly, the Court finds that Kenner is entitled to judgment as a matter of law dismissing all of Hahn's claims against it.

### III. *CONCLUSION*

For the foregoing reasons, IT IS ORDERED that the motions for summary judgment filed by defendants Officer Anthony Lombard, and the City of Kenner are HEREBY GRANTED, that the motion for summary judgment filed by defendant Chief Nick Congemi is HEREBY GRANTED in part and DENIED in part, and that the

motion for reconsideration of Court's earlier Order granting summary judgment to Mayor Louis Congemi is HEREBY DENIED.