**P.J. HAHN**

v.

**The CITY OF KENNER, et al.**

No. CIV.A. 96–2425.

United States District Court, E.D. Louisiana.

Oct. 20, 1997.

Robert G. Harvey, Sr., William Joseph Larzelere, III, Tamara Kluger Jacobson, Robert G. Harvey, Sr. & Associates, New Orleans, LA, William Patrick Klotz, Jr., W. Patrick Klotz, New Orleans, LA, Ann Comerio, Plunkett & Gibson, Inc., San Antonio, TX, for P.J. Hahn.

Gerald Joseph Nielsen, Muriel O. Van Horn, Susan Annette Weldon, Nielsen Law Firm, Metairie, La, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Kenner City, Anthony Lombard.

Gerald Joseph Nielsen, Muriel O. Van Horn, James H. Brown, Jr., Edward F. Kohnke, IV, for Nick Congemi.

H. Alston Johnson, Phelps, Dunbar, LLP, Baton Rouge, LA, Harry A. Rosenberg, Maria Nan Alessandra, Phelps, Dunbar, LLP, New Orleans, LA, Thomas Glenn Buck, Robert Edward Williams, IV, Blue, Williams, LLP, Metairie, LA, for Ken Hollis.

## ORDER AND REASONS

FALLON, District Judge.

The issue before the Court is Defendant Kendrick Hollis' motion for summary judgment. For the reasons stated below, the motion for summary judgment is GRANTED as it pertains to any 42 U.S.C. § 1983 claims, and DENIED, pending further deposition and pleading, as to plaintiff's state law defamation claim.

## I. BACKGROUND

Plaintiff P.J. Hahn's claim concerns statements made over the air by State Senator Kendrick Hollis on a June 6, 1996 radio show hosted by Keith Rush. The pertinent portion of the show discussed Hahn's March 7, 1996 appointment to the East Jefferson Levee District Board by Governor Mike Foster, and his subsequent failure to be confirmed during the month of May by the Louisiana Senate. According to Hahn's deposition, uncontroverted for the purposes of this summary judgment motion, some time after 9:00 a.m. on June 6, Hahn called Rush to respond to comments Rush had made about him on the air. Hahn proceeded to engage in an on-the-air dialogue with Rush in connection with Hahn's nomination and failed confirmation. At some point during the broadcast, a time which Hahn described as "a lot of conversation," Hahn Deposition at 737, Hahn suggested, as to the matter of his Levee Board nomination, that Rush "talk to Ken Hollis about that." *Id.* Rush subsequently called Hollis.

After Hahn had hung up, but while he was still listening, Hollis returned the call. During a brief on-the-air conversation with Rush, Hahn claims that the Senator told the listening audience:

> Look Keith, all I'm going to say about this is that there is no way we could put a guy on the Board that has four felonies, that has assaulted a woman in that house, held his family at bay, and when he walks out of his house, the police have to wrestle him to the ground and they almost shoot him. To me, he's dangerous to society. Hahn Deposition at 743.

Hahn claims that these remarks defamed him. Hahn seeks recovery under both 42 U.S.C. § 1983 and state defamation law. Hollis disputes the accuracy of Hahn's version, but accepts Hahn's account for the purpose of summary judgment. He asserts several defenses and immunities as to both the Section 1983 and state law claims.[1]

## II. ANALYSIS

### A. Standard for Summary Judgment

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear the burden of proof at trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir.1995). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine

issue for trial." *Id.* "[A] dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of demonstrating the existence of a genuine issue is not met by "metaphysical doubt" or "unsubstantiated assertions." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). The Court must "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* The Court does not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. *Matsushita*, 475 U.S. at 588, 106 S.Ct. at 1356–57.

██ Summary judgment in a defamation case raises special issues. Defamation is a state law claim. Under Louisiana law, "summary judgment is favored in defamation cases." *Romero, M.D. v. Thomson Newspapers (Wisconsin), Inc.*, 648 So.2d 866, 870 (La.1995). It may appear then that the "standards used for summary judgment are somewhat higher in defamation suits," *Spears v. McCormick*, 520 So.2d 805, 808 (La.App. 3rd Cir.1987), and defamation plaintiffs bear "a burden of proof which is more onerous than usual." *Dwight W. Andrus Ins., Inc. v. Abellor Corp.*, 482 So.2d 1092 (La.App. 3rd Cir.1986). However, this Circuit has noted that following Louisiana law for summary judgment in defamation cases is "a wrong turn." *Doe v. Doe*, 941 F.2d 280, 287 (5th Cir.1991). "Federal courts ... are to employ the summary judgment standard of Fed.R.Civ.P. 56." *Id.* The federal stan-

---

1. Although not discussed in either Hahn's Court-Ordered Reply, Hollis' Motion for Summary Judgment, or Hahn's Opposition, it appears from the Pre–Trial Order that Hahn may also be asserting defamation claims based on alleged comments Hollis made to state legislators and to the Governor of Louisiana in conjunction with the confirmation process. While Hollis would almost certainly be immune from liability for any such statements under the Speech and Debate clause, discussed below, Hahn offers no admissible evidence as to any other alleged statements from which a reasonable jury could find defamation. Without any genuine issue of triable fact as to any defamation other than the stipulated quotation, summary judgment is thus granted as to any such alleged additional defamation.

dard in cases involving defamation of a public figure is, however, different from other defamation cases. A public figure must prove actual malice by clear and convincing evidence in order to recover for a defamation claim. *New York Times v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964). Thus, "the *New York Times* requirement of clear and convincing evidence must be considered on a motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244, 106 S.Ct. 2505, 2508, 91 L.Ed.2d 202 (1986). The "appropriate summary judgment question" then becomes "whether the evidence in the record could support a reasonable jury finding that the plaintiff has shown actual malice by clear and convincing evidence." *Id.* at 256, 106 S.Ct. at 2514.

### B. *Hollis' Motion for Summary Judgment*

■ Before addressing Hollis' grounds for summary judgment, there are two preliminary issues to address. The first issue is whether, under federal law, Hahn is to be considered a public figure for purposes of the defamation analysis. The parties discuss in great detail whether Hahn's interim appointment to the Levee Board, the attendant confirmation process, and the surrounding controversy would make him a general purpose public figure, a limited purpose public figure, or neither. For the defamation analysis, the Court need only consider whether, for the duration of Keith Rush's radio program on June 6, 1996 Hahn was a public figure. Individuals can become limited purpose public figures for a limited range of issues by "'thrust[ing] themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved,' or because they 'voluntarily inject [themselves] or [are] drawn into a particular public controversy.'" *Trotter v. Jack Anderson Enterprises, Inc.*, 818 F.2d 431, 433 (5th Cir.1987) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351, 94 S.Ct. 2997, 3012–13, 41 L.Ed.2d 789 (1974)) (alteration in original). Such a "difficult determination" is a "matter of law," based on the three-step test that:

(1) The controversy at issue must be public both in the sense that people are discussing it and people other than the immediate participants in the controversy are likely to feel the impact of its resolution; (2) the plaintiff must have more than a trivial or tangential role in the controversy; and (3) the alleged defamation must be germane to the plaintiff's participation in the controversy. *Trotter*, 818 F.2d at 433–34.

■ Hahn called the radio station hours before Hollis returned Rush's call and thus voluntarily injected, thrust, or at the very least allowed himself to be drawn into the particular public controversy. It was only after Hahn urged Rush to "talk to Ken Hollis about that," that Hollis was contacted and dragged into the on-the-air debate. Hahn Deposition at 738. Turning to the three-part test, citizens in the Levee Board district would likely feel the impact of a leadership change; Hahn had more than a tangential role in the controversy, whether defined as the larger battle over Hahn's confirmation or the debate on Rush's show; and the alleged defamation regarding Hahn was germane to the topic of conversation that day. Thus Hahn can not avoid being treated as a limited purpose public figure, at least for the purpose of Hollis' comments on Keith Rush's radio show.

■ The second preliminary issue is Hollis' liability under 42 U.S.C. § 1983. It is unclear from the pleadings if Hahn still asserts a Section 1983 action against Hollis in conjunction with the allegedly defamatory remarks. However, since both parties analyze the standard for qualified immunity in Section 1983 cases in their motions on summary judgment, this Court will assume that such a claim is still asserted. As discussed more fully in this Court's August 27, 1997 Order and Reasons in this case, 984 F.Supp. 424, for "damage to an individual's reputation as a result of defamatory statements made by a state actor" to be actionable under Section 1983, it must be "accompanied by an infringement of some other interest." *Paul v. Davis*, 424 U.S. 693, 710–12, 96 S.Ct. 1155, 1164–66, 47 L.Ed.2d 405 (1976). "To establish the 'infringement' portion of the 'stigma plus infringement' test, a claimant must es-

tablish that the state sought to remove or significantly alter a life, liberty or property interest recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been 'incorporated.'" *San Jacinto Savings & Loan, et al. v. Kacal,* 928 F.2d 697, 701–702 (5th Cir.1991) (citing *Paul,* 424 U.S. at 710–11, 96 S.Ct. at 1164–65). Hahn does not point to any right that would satisfy the "infringement" prong in connection with his claim against Hollis. Examining some of the extensive pleadings in this case, Hahn may be asserting a property interest in public employment, as he argues that Hollis' statements have "precluded [Hahn] from holding office." Hahn's FRCP 7(a) Reply at 1. However, Hahn's appointment was only interim. It was to lapse unless confirmed by the Senate. Hahn was not even fired from his interim position. Hahn cites no authority for the proposition that he had a recognized property right in being confirmed by the Senate. Moreover, Hollis' comments did not come until after Hahn failed to be confirmed. Thus, Hahn can not satisfy the infringement element necessary to pursue a Section 1983 action for defamatory statements. To the extent that Hahn asserts a Section 1983 against Hollis, such claim must therefore be dismissed. As no Section 1983 action is maintainable, any discussion of qualified immunity under Section 1983 jurisprudence is moot.

Turning now to Hollis' motion for summary judgment, Hollis raises several affirmative defenses, many of which can be quickly disposed. First, as just noted, Hollis' defense of qualified immunity from Section 1983 liability is irrelevant to the sole remaining state law defamation claim. Second, Hollis claims that his remarks were substantially true. Substantial truth is a defense to defamation. *Maggio v. Liztech Jewelry,* 912 F.Supp. 216, 220 (E.D.La.1996). Hahn's arrest on misdemeanor charges could arguably make a statement about felony arrests substantially true. However, it was not substantially true that Hahn held his family at bay, resisted arrest, and had to be wrestled to the ground to be disarmed, all of which amount to additional crimes for which Hahn was never arrested or accused. Hollis may not then assert substantial truth. Third, Hollis

claims that by dragging him into the talk show controversy, Hahn consented to the defamatory statements. While Hollis may have had free reign to state his opinion, Hollis either had no consent, or exceeded any consent he had, to make false statements of material fact accusing Hahn of additional crimes. Fourth, Hollis asserts a privilege under La. Const. Article 1, Section 7, which guarantees "every person" the right to "speak, write, and publish his sentiments on any subject," but holds individuals "responsible for abuse of that freedom." This protection does not extend to statements or allegations which are defamatory. *See Wattigny v. Lambert,* 408 So.2d 1126, 1131 (La.App. 3rd Cir.), *writ denied,* 410 So.2d 760 (La.1980), *cert. denied,* 457 U.S. 1132, 102 S.Ct. 2957, 73 L.Ed.2d 1349 (1981). Louisiana courts are clear that "a person who defames another has abused the freedoms set forth in LSA–Const., Art. 1, § 7." *Id.* Hollis may not then raise such a defense. Fifth, Hollis claims that his statements were not defamatory per se, and that since Hahn did not sufficiently allege special damages, Hahn fails to state a cause of action. However, "[i]n Louisiana, accusation of a crime is considered defamatory per se." *Davis v. Borskey,* 643 So.2d 179, 183 (La.App. 1st Cir.1994), *aff'd,* 660 So.2d 17 (La.1995). In addition to accusing Hahn of felonies, Hollis accused Hahn of holding his family at bay and armed resistance to arrest, which would amount to additional crimes under Louisiana law. Therefore, Hollis' statements were per se defamatory, and Hahn does assert a valid cause of action.

Hollis next raises the issue of absolute privilege under Article 3, Section 8 of the Louisiana Constitution. When members act within the " 'legitimate legislative sphere,' the privilege is an absolute bar." *Copsey v. Baer,* 593 So.2d 685, 688 (La.App. 1st Cir.1991), *writ denied,* 594 So.2d 876 (La.1992). In applying this clause, the court decided that "[s]ince no Louisiana court has interpreted La. Const. art. III, § 8, we look for guidance to federal jurisprudence in interpreting the meaning and scope of the legislative privileges and immunities clause." *Id.* at 688. While the protection afforded legislators by the federal Speech and Debate

Clause of U.S. Const. Art. 1, Section 6 has been interpreted as extending "beyond pure speech or debate in either House," the extension "must be an integral part of the deliberative and communicative process by which Members participate in committee and House proceedings." *Gravel v. United States*, 408 U.S. 606, 608, 624, 92 S.Ct. 2614, 2626–27, 33 L.Ed.2d 583 (1972) (citations omitted). Legislators are not immune for defamation contained in " 'news letters' to constituents, news releases and speeches delivered outside Congress," *United States v. Brewster*, 408 U.S. 501, 512, 92 S.Ct. 2531, 2537, 33 L.Ed.2d 507 (1972), or other "transmittal of . . . information by individual Members in order to inform the public." *Hutchinson v. Proxmire*, 443 U.S. 111, 133, 99 S.Ct. 2675, 2687, 61 L.Ed.2d 411 (1979). Even where the alleged libel is read from an official committee report, the legislator is not immune, and the court "cannot accept" that a legislator "must be free to disseminate [actionable material], no matter how injurious to private reputation." *Doe v. McMillan*, 412 U.S. 306, 316, 93 S.Ct. 2018, 2026, 36 L.Ed.2d 912 (1973). This Circuit has ruled that a legislator does not enjoy immunity for statements made during an interview about a controversy currently before that legislator's committee. See *Williams v. Brooks*, 945 F.2d 1322 (5th Cir.1991). Defendant does not attempt to distinguish these cases or point to authority supporting a finding of absolute immunity. The Supreme Court has cautioned to be "careful not to extend the scope of the protection further than its purposes require," *Forrester v. White*, 484 U.S. 219, 224, 108 S.Ct. 538, 542, 98 L.Ed.2d 555 (1988), and there is nothing in the record warranting extension in this case. Defendant is thus not entitled to immunity under Article 3, Section 8 of the Louisiana Constitution.

■ Finally, Hollis raises the issue of actual malice. To maintain an action in defamation under Louisiana law, Hahn must show "(1) defamatory words; (2) publication; (3) falsity; (4) actual or implied malice; and (5) resulting injury." *Guilbeaux v. Times of Acadiana, Inc.*, 693 So.2d 1183 (La.App. 3d Cir.1997); *see also Heflin v. Sabine Assoc. of Retarded Citizens*, 685 So.2d 665 (La.App. 3d Cir.1996). Were Hahn not adjudged to be a limited purpose public figure for at least the duration of Rush's radio show, Hollis' statement would clearly meet these requirements, being false, defamatory statements published to the radio audience, with malice and injury presumed from words which, "without reference to their context, amount to accusation of a crime or similar conduct." *Rouly v. Enserch Corp.*, 835 F.2d 1127, 1129 (5th Cir. 1988) (citing *Crump v. Crump*, 393 So.2d 337, 339 (La.App. 1st Cir.1980) ). However, as the Louisiana Supreme Court has pointed out, while defamation of a private figure is left to state law, for a public figure, "[s]ince *New York Times Co. v. Sullivan*, the law of libel and slander has been delineated by federal constitutional law." *Romero, M.D. v. Thomson Newspapers (Wisconsin), Inc.*, 648 So.2d 866, 869, 870 (La.1995) (citation omitted).

■ In order to succeed, Hahn must show " 'actual malice,' a term of art denoting deliberate or reckless falsification." *Mason v. New Yorker Magazine*, 501 U.S. 496, 499, 111 S.Ct. 2419, 2424, 115 L.Ed.2d 447 (1991). In its most complete statement on the issue, the High Court held that

A 'reckless disregard' for the truth, however, requires more than a departure from reasonably prudent conduct. 'There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.' The standard is a subjective one—there must be sufficient evidence to permit the conclusion that the defendant actually had a 'high degree of awareness of probable falsity.' As a result, the failure to investigate before publishing, even when a reasonably prudent person would have done so, is not sufficient to establish reckless disregard. *Harte–Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 688, 109 S.Ct. 2678, 2696, 105 L.Ed.2d 562 (1989) (citations omitted); *see also Peter Scalamandre & Sons v. Kaufman*, 113 F.3d 556, 561 (5th Cir.1997).

■ Hahn does not seriously contend that at this stage in the litigation he can present any evidence that would meet the requirement of allowing "a rational finder of fact to find actual malice by clear and con-

vincing evidence." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Instead, Hahn "asserts that evidence of actual malice may be obtained in the discovery process." Hahn's Court–Ordered Reply at 4. In order to postpone summary judgment pending further discovery, the "three general requirements with which the non-movant must comply" are "(i) a request for extended discovery prior to the district court's ruling on summary judgment; (ii) a notice to the court that further discovery pertaining to the summary judgment motion is being sought; and (iii) an explanation as to specifically how the requested discovery pertains to the pending motion." *7547 Corporation v. Parker & Parsley Development Partners, L.P.,* 38 F.3d 211, 220 (5th Cir.1994) (citations omitted). While the proper mechanism for obtaining this is a formal Rule 56(f) motion, an "equivalent statement ... convey[ing] the need for additional discovery" will suffice. *Enplanar, Inc. v. Marsh,* 11 F.3d 1284 (5th Cir.1994) (citations omitted). Hahn correctly asserts that he "can hardly be in a position to determine actual malice without the conduct of a deposition of Defendant, Ken Hollis." Hahn Opposition at 3. Hahn does not expect that Hollis will "actually testify that he acted with malice, but said malice may be inferred by testimony of the Defendant, as well as other facts and circumstances," including Hollis' animosity to Hahn's political ally, Sheriff Harry Lee, and what Hahn characterizes as a "threatening" letter from Hollis. *Id.* at 3–4.

Hahn's request to conduct a deposition of Hollis is certainly not "merely a request. to conduct a fishing expedition," which would have to be refused. *Exxon Corp. v. Crosby–Mississippi Resources, Ltd.,* 40 F.3d 1474, 1487 (5th Cir.1995). Hahn does not ask this Court to in a sense re-open discovery and examine a myriad of angles and players that should have been investigated during the discovery period. Instead, Hahn precisely identifies that single and necessary piece of missing discovery—taking the deposition of Hollis, the defendant and speaker of the allegedly defamatory words—and points to the specific evidence he hopes to elicit from Hollis—evidence sufficient to permit a jury

to conclude that the defendant actually had a high degree of awareness of probable falsity. Therefore, the Court ORDERS that defendant Hollis avail himself for deposition by plaintiff's counsel no later than *November 14, 1997.* Thereafter, defendant may move again for summary judgment, and parties shall resubmit briefs of no more than ten (10) pages, solely addressing the issue of actual malice with regard to Hollis' June 6, 1996 comments. Any applicable discovery cut-offs are thus extended, as they relate to taking the deposition of defendant Hollis.

### III.  *CONCLUSION*

For the foregoing reasons, IT IS ORDERED that the motion for summary judgment filed by defendant Kendrick Hollis is HEREBY GRANTED, as it pertains to any 42 U.S.C. § 1983 claims. However, defendant's motion for summary judgment is HEREBY DENIED, pending the completion of his deposition by plaintiff's counsel, as it pertains to plaintiff's state law defamation claim.